In the Matter of JAMES HECTOR, an Infant, by His Guardian ad Litem, MINNIE McGLOTTEN, et al., Petitioners, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, December 22, 1948.

*Benjamin Glass* for petitioners.

*John P. McGrath, Corporation Counsel (Joseph M. Eidelberg* of counsel), for respondent.

FROESSEL, J. Application for an order pursuant to section 50-e of the General Municipal Law, granting leave to petitioners to serve a proposed notice of claim upon the City of New York, *nunc pro tunc.*

On July 16, 1946, the infant claimant sustained a fracture of the left arm, as a result of a collision between a bicycle which he was riding and a trolley car owned and operated by the City of New York. At the time of the accident, he was but eight years of age. His mother, acting without aid or advice of counsel, filed an informal, and allegedly insufficient, notice of claim on December 6, 1946, which was more than sixty days after the accident. No order permitting such late service had been obtained by the mother on the infant's behalf. During the summer of 1948, present counsel were consulted, and this motion for leave to serve a notice of claim *nunc pro tunc* has now been made.

The City of New York opposes the application upon the ground that after the lapse of one year (1) the court is without power to relieve an infant of his failure to serve a proper notice of claim (General Municipal Law, § 50-e, subd. 5), and (2) in any event, his action is barred. (New York City Administrative Code, § 394a–1.0, subd. c.) There is no merit whatsoever to the second contention. (Civ. Prac. Act, § 60; *Russo* v. *City of New York,* 258 N. Y. 344, 348–349; *Tilinsky* v. *City of New York,* 255 App. Div. 815.)

The first contention is based on the language of the cited statute which provides, in part, that an application for leave to serve a notice of claim within a reasonable time after the expiration of the prescribed sixty days " must be made within the period of one year after the happening of the event upon which the claim is based". The question presented is whether this statute is so absolute, unyielding and rigid as to be beyond a construction which admits of an excuse for delay in performance, when caused by the immature infancy of the injured person.

It is a general rule, in the interpretation of statutes, that they shall receive a reasonable construction. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], p. 213 *et seq.*)

Prior to the enacting of section 50-e of the General Municipal Law, the courts had occasion to pass 'upon the requirements of similar statutes with respect to claims against municipal corporations. One of the leading cases on the subject is *Murphy* v. *Village of Fort Edward* (213 N. Y. 397). There a claim was served on the defendant almost twenty-three months after the injury, despite the requirement that it be served within sixty days. While holding that municipal liability for injuries is a matter within the control of the Legislature, and the requirement that claims be presented within a specified time is a reasonable provision, the court, nevertheless, quoted with approval from *Winter* v. *City of Niagara Falls* (190 N. Y. 198), as follows (p. 401): " ' The provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse for delay in performance, when caused by the inability of the injured person to comply. (*Walden* v. *City of Jamestown,* 178 N. Y. 213.)' "

The court then continued, at page 402: " The requirement of the statute, however, as Judge GRAY wrote, is not absolute and unyielding. * * * In this state the maxim that the law does not seek to compel a man to do that which he cannot possibly perform has been made the basis for the principle that physical and mental inability to comply with a statutory provision of the kind under consideration excuses the non-compliance. [Citing

cases.]'' The court distinguished between infants of tender years and those close to their majority, and held that immature infancy, as a matter of law, constituted a condition of physical and mental inability which excused compliance with the statutory requirement, and that rights accorded by law to such infants are not forfeited because a parent failed to so comply. (See, also, *Russo* v. *City of New York, supra; Whiteside* v. *North American Accident Ins. Co.,* 200 N. Y. 320, 323; *Forsyth* v. *City of Oswego,* 191 N. Y. 441; *Herter* v. *Mullen,* 159 N. Y. 28, 43; *Harmony* v. *Bingham,* 12 N. Y. 99, 107–108.)

In my opinion, section 50-e of the General Municipal Law was not intended to limit the power of the courts to grant relief in the case of infants of tender years. Such a construction of the statute would be utterly unreasonable, and would be virtually tantamount to depriving such infants of a right of action for personal injuries. We are not dealing here with an adult, nor with an infant of mature years, nor with an infant in the border years, who may or may not be found to have the physical and mental capacity to file his claim. In the case at bar, the infant was but eight years old. As was said in *Russo* v. *City of New York (supra,* p. 348): '' As a matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less.''

This interpretation is consonant with the decision in *Staszewski* v. *City of Rochester* (271 App. Div. 19, affd. 296 N. Y. 705) where a ten-year-old infant failed to file a claim within the thirty days required by the charter of the City of Rochester, which specifically provided: '' This section applies to claims of infants and all other persons.'' (Charter of City of Rochester, § 421; L. 1907, ch. 755, § 632.) The city contended that because of that provision, infants who had not filed a claim within thirty days were barred. The court pointed out that the New York rule, enunciated in prior decisions, excusing an infant from strict compliance with such statutory requirements, was not based on the thought that the section did not apply to infants. On the contrary, our courts have always recognized that these requirements do apply to infants. But the infant is excused from compliance only where his immaturity renders him physically or mentally unable to comply.

In the light of the foregoing views, and mindful also of the fact that the infant's mother did give to the city an informal notice of claim within five months after the accident, the application is granted as to the infant plaintiff, but denied as to the parent's claim.

Settle order on notice.