In the Matter of RICHARD FERRIS, an Infant, Petitioner, against BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF TOWNS OF ROXBURY, DELAWARE COUNTY, AND GILBOA, SCHOHARIE COUNTY, Respondent.

County Court, Delaware County, August 17, 1949.

*Ralph S. Ives* for petitioner.

*Paul C. Gouldin* for respondent.

CURTIS, J. The petitioner, the father of Richard Ferris, makes this application.

It is claimed that Richard Ferris, then an infant of the age of ten years, on November 3, 1947, received serious personal injuries as the result of the negligence of the Board of Education of the Roxbury Central School. More than one year has elapsed between the date of the injury and the time of making this application. The delay is excused by the immaturity of the claimant, and the circumstance that the seriousness of the injuries was not more promptly recognized.

Such discretion as might be invested in the court could well be exercised in favor of the application, but it is claimed that under subdivision 5 of section 50-e of the General Municipal Law the discretionary power of the court expires one year after the accrual of the claim. The claim is deemed to have " accrued " at the time of the original injury on November 3, 1947 (*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397).

Section 50-e of the General Municipal Law is general in its scope and supersedes various statutes of similar nature, though with variances in language, formerly contained in the Education, Highway, County, Village, Town and Second Class Cities Laws, as well as in many special statutes of limited application. These statutes were so drafted that the courts were permitted to adopt a humanitarian doctrine that excused the filing of the notice of claim when the claimant was physically or mentally unable to comply with the statute.

The present statute, however, particularly recognizes cases where infants or incapacitated persons have received injuries. It makes an allowance for their disabilities; permits the court, in its discretion, to grant leave to serve the notice of claim after the sixty-day period; but then finally concludes by requiring the application to be made within one year. This limitation may not be ignored by the court.

We are not unmindful of the decision in *Matter of Hector* v. *City of New York* (193 Misc. 727) where the court held that the doctrine of the "immature infant " continued under section 50-e of the General Municipal Law, and that it had power to entertain an application after the expiration of the one-year limitation. A contrary conclusion, holding the court has no such power after the lapse of a year, was reached in *Schaeffer* v. *City of New York* (N. Y. L. J., Jan. 27, 1947, p. 363, col. 3). Moreover, in *Matter of Moore* v. *City of New York* (195 Misc. 976), it was decided that the committee of an incompetent person could not be permitted to file a claim after the lapse of one year, although the injuries sustained were the cause of the incompetent's disability

to act. And in *Staszewski* v. *City of Rochester* (271 App. Div. 19), the court, while holding that the Rochester City Charter had not changed the rule as to immature infants, nevertheless referred to section 50-e as a statute adopting a new principle.

The application is denied, not as a matter of discretion, but solely for the reason that the court at this late date has no power to entertain the application.