Arthur G. Klein, J.
In an action against the Manhattan and Bronx Surface Transit Operating Authority and others, for personal injuries arising out of a collision, plaintiff moves for an order pursuant to section 50-e of the General Municipal Law for leave to serve an amended notice of claim and for leave to serve an amended complaint. The action is at issue.
The interesting question presented is whether the complaint, as originally served with a summons, may be treated as a notice of claim. It appears that no paper labeled “ Notice of Claim ” was ever served. The complaint, however, was served within 90 days of the collision, as required of a notice of claim.
Plaintiff’s attorney avers that he was misled by defendant’s representatives as to the requirement of service of a notice of claim; the defendant’s position is that “ it is not the duty of this Authority to educate prospective claimants and/or their attorneys with respect to bringing suit against this Authority.’ ’ Compare People v. Lombard (4 A D 2d 666, 671) with respect to a public officer’s duty vis-a-vis the citizenry.
The Authority then asserts that it nevertheless does maintain a practice to extend courtesies to callers. But compare Matter of Ware v. Manhattan & Bronx Surface Tr. Operating Auth. (49 Misc 2d 704).
The answer interposed by the defendant sets up denials on information and belief of the material allegations of the complaint, but is silent on the subject of notice of claim. This, too, may be attributed to the Authority’s understanding of the law that it is under no duty to “ educate ” claimants, although CPLR 3018 would seem to require that limitations lie set up as an affirmative defense.
The court has examined the original complaint and finds that it meets all the statutory requirements of a notice of claim, except that it does not set forth the plaintiff’s post-office address and except that it is not served in duplicate. The statute requires that the notice shall set forth under oath: 11 (1) the name and post-office address of each claimant, and of his attorney, if any; *369 (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.” (General Municipal Law, § 50-e, subd. 2.)
The plaintiff’s post-office address is set forth in the summons which is attached to the original complaint.
The statutory provisions with, respect to the correction of errors are clear: “6. * * * at or before the trial of an action * * * a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section * * * may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.”
The section continues: “ Application for such relief, if made before trial, shall be by motion, on affidavits * * * Failure to serve more than one copy may be corrected by such motion.”
This court looks to the substance of the paper served and not to its label. The court holds that the complaint with the summons, as served, was in fact a notice of claim, and the motion to amend it is accordingly granted; it appearing from the defendant’s answer, served in this litigation (within two months after the occurrence and in more than sufficient time for plaintiff to have taken alternate steps to serve a notice of claim had the matter been brought to his attention), that the defendant had due and timely notice of the incident and ample time to conduct its investigation. This, in the final analysis, is the purpose of service of notices of claim.
The court therefore finds it unnecessary to reach the question of estoppel raised by the nature of the Authority’s answer.
The defendant asserts that: “ b. No court has ever allowed a complaint to serve as a notice of claim and a complaint i.e. one paper served in place of two.”
This court does not count the papers. It looks rather to their merit and their substance. No litigant who states a cause of action will be turned away by mistakes in labeling or in his counting of the papers required to be served. The motion is in all respects granted. The cross motion to dismiss is accordingly denied.