Nathan R. Sobel, J..
Plaintiff who has suffered a double amputation brings this personal injury action against the defendant railroad.
The accident occurred on June 30, 1967. Within a few days defendant’s insurer interviewed witnesses and contacted plaintiff’s wife. On July 7, 1967 immediately upon being retained, plaintiff’s counsel wrote a letter to defendant’s insurer advising *815 them of the accident and of his retainer. On September 26, 1967, within the 90-clay period, the action was commenced by the service of the summons and complaint upon the railroad.
Yet despite these conceded facts, defendant railroad has asserted as a separate defense the failure of the plaintiff, as a condition precedent to the commencement of the action, to serve a 90-day ‘6 notice of claim 3 3 (General Municipal Law, § 50-e) and to allege that 30 days have expired since such notice was served (Public Authorities Law, § 1276, subd. 1).
Plaintiff moves for leave to file such a notice of claim and for leave to amend his complaint to include the 30-day allegation. In the alternative, plaintiff seeks a declaration by the court that the service of the summons and complaint within the 90-day period, containing all of the essentials of a 50-e (subd. 2) notice, constitutes compliance with that statute.
The motion is granted in all respects.
It should be noted at once that the Long Island Rail Road is neither a municipal nor a public benefit corporation for whose protection section 50-e was enacted. It is a private stock corporation. It has no social goals which are the attributes of a public benefit corporation (see definitions, General Corporation Law, § 3), it operates in a private proprietary capacity; yet it claims the superior rights of such public corporations while retaining its private character and benefits.
This “ special33 privilege results from a ££ quiet ” amendment. The Metropolitan Transportation Authority (composed of the Triborough Bridge and Tunnel Authority and New York City Transit Authority) was created in 1965 (L. 1965, ch. 324; Public Authorities Law, tit. 11). Section 1276 (subd. 2) provided for notice of claims “ in compliance with all the requirements of section fifty-e of the general municipal law.3 3 Thus, a one-year Statute of Limitations and a 90 days3 notice of claim (§ 1276, subd. 2) requirement applied exclusively to Metropolitan, Transit and Triborough, all public benefit corporations (cf. § 1276, however, with Public Author tics Law, § 569-a providing 6-month notice of claim for Triborough).
On January 20, 1966 Metropolitan acquired the Long-Island Rail Road. Section 1276 was then amended by adding-subdivision 6 (L. 1966, ch. 415, § 9): 6. Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of *816 the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.” (Subdivision added May 23, 1966 retroactive to Jan. 20, 1966, thus affording 8 months’ notice only.) This section became effective by its terms on January 20, 1967, some five months before plaintiff’s accident.
I label this a “ quiet ” amendment not because of the secrecy with which it was enacted (although there is that too — the bill being an omnibus bill containing many amendments) but because while it applied exclusively to the Long Island Rail Road — it being then and now the only stock subsidiary corporation of Metropolitan — the railroad was not specifically named in the enactment (see N. Y., Const., art. III, § 15 [private bill embracing more than one subject]; § 17 [restriction against granting private corporation exclusive immunity]; § 16 [existing law made applicable by reference]).
Presumably under that amendment a lawyer or litigant is required to “ guess ” not only “ which ” and “ what ” (stock corporation or no?) but also “when” (short Statute of Limitation). And, although the railroad states in its opposing affidavit, “ the occurrence of this legal reality was much publicized and heralded in the public news media,” lawyers and Judges having responsibility in this area of the law, whom I queried, had no knowledge of this new “ condition ” for suits against the Long Island Rail Road.
It is interesting to observe how California, when confronted with a proliferation of public agencies, acted under similar “ experience ”. On recommendation of the State Bar, a Roster of Public Agencies was established; failure to register as such with the Secretary of State and the County Clerk relieved a claimant of the requirement to file notice of claim (see California Law Rev. Comm. Comment to Government Code, § 946.4).
Notice of Claim (General Municipal Law, § 50-e).
Chief Judge Desmond in Matter of Martin v. School Board (301 N. Y. 233) adequately relates the “ gestation and birth” of section 50-e.
It suffices to note that the section was a recommendation of the Judicial Council (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265): “ The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality oppor *817 tunity to make an early investigation of the claim while the facts surrounding the alleged claim are still 1 fresh ’. On the other hand, ‘ these provisions [notice statutes! were not intended as a trap for the unwary and the ignorant. ’ ’ ’
The defendant made an “ early investigation This claim was still “fresh” when the railroad received actual notice of the claim from plaintiff’s lawyer. It was still “fresh” — not stale — when the action was commenced within 90 days. The “quiet” amendment did, however, serve as a “trap for the unwary. ’ ’
Some pertinent points should be here noted.
Prior to the adoption of section 1276, this plaintiff had three years in which to commence an action (CPLR 214). After this ‘ ‘ quiet ’ ’ amendment, the Statute of Limitations for tort suits against this particular, railroad corporation was shortened to one year — a shorter period, incidentally, than is applicable to municipalities under section 50-i (1 year and 90 days).
While cases in this and other States properly label these statutes as “ notice of claim ” statutes, not “ Statutes of Limitation ”, this is only true when courts are vested with discretion to extend the time for filing if a reasonable excuse for late filing is established and the municipality is not substantially prejudiced.
Our Court of Claims Act (§ 10, subd. 5) so provides with respect to claims against the State and certain public benefit corporations (see Easley v. New York State Thruway Auth., 1 N Y 2d 374, 378-379), thus discriminating between those who sue the State and those who sue municipal corporations. Most important, it discriminates irrationally between public benefit corporations which must be sued in the Court of Claims and those which must be sued in other State courts. There is no doubt whatsover that, if required to sue Metropolitan and its subsidiary corporations in the Court of Claims, this plaintiff would be granted discretionary leave for late filing (Rugg v. State of New York, 303 N. Y. 361; Matter of Gross v. State of New York, 9 A D 2d 594; Worden v. State of New York, 4 A D 2d 742). Parenthetically, it may be noted that the California statute (Government Code, § 946.6) permits its courts, for mistake, inadvertence, excusable neglect, etc., to dispense with the notice of claim requirement altogether rather than permit late filing.
The essential point made is that without discretion in the courts to permit late filing, these “notice of claim” statutes become in practical effect extremely short Statutes of Limita *818 tion ”. These short-notice statutes result in the paradox — one whose property is taken can recover but another who suffers bodily injury cannot.
These short-notice statutes are also subject to constitutional infirmities. True, Matter of Brown v. Trustees (303 N. Y. 484 and cases cited) sustains the constitutionality of such 90-day statutes. These cases hold that when a statute creates a cause of action which was nonexistent at common law, the Legislature may hedge the grant with reasonable conditions, including short Statutes of Limitation and shorter notice of claim statutes. But in the past decade since Brown (1952) we have witnessed judicial abrogation and modification of the immunity rule (see, e.g., Muskopf v. Corning Hosp. Dist., 55 Cal. 2d 211; Molitor v. Kaneland Community Unit Dist., 18 Ill. 2d 11; McAndrew v. Mularchuk, 33 N. J. 172; Williams v. City of Detroit, 364 Mich. 231; Holytz v. City of Milwaukee, 17 Wisc. 2d 26; Spanel v. Mounds View School Dist., 264 Minn. 279; Hargrove v. Town of Cocoa Beach, 96 So. 2d 130 [Fla.]).
What is clearly evident from these landmark decisions is that a State’s waiver of immunity for torts is no longer regarded as a “ gift ” to be conditioned at will but rather a moral obligation consistent with modern concepts of social justice. Justice commands that society rather than the individual bear the costs.
More particularly is this true, emphasize these decisions, when the public entities involved exercise proprietary rather than governmental functions.
All of the several hundred public benefit corporations of this State (including the Long Island Bail Bo ad) are engaged in proprietary functions. As such, these were not immune from suit even at common law. It is doubtful that the Legislature has the power to condition suits against such essentially private corporations with absolute, unyielding and rigid 90-day Statutes of Limitation. This was manifest when the United States Supreme Court, misreading a holding of our Court of Appeals (9 N Y 2d 486-489): “ the Legislature could in creating the Thruway Authority have refused to waive immunity as to it and thus could have forbidden suits to be maintained against the Authority ’ ’, as an assertion of sovereign immunity for a public benefit corporation, immediately granted certiorari, but dismissed when advised that a statute permitted suit (see Benz v. New York State Thruway Auth., 369 U. S. 147).
There is no great difference between conditioning the right to sue a public benefit corporation with an extremely short 90-day Statute of Limitations and granting it total sovereign immunity 1
Without citing cases, it is reasonably clear that conditioning *819 tort actions against private persons with a 90-day limitation would be unconstitutional. There is simply no rational relationship between such a short statute and any public policy to be served. For precisely the same reason no such condition precedent may be applied to suits against a public benefit corporation. But a 90-day notice of claim statute might be saved from unconstitutionality simply by resting discretion in the courts to relieve from nonprejudicial mistake, inadvertence, etc.
The Legislature did so when it enacted section 50-e in 1945 (L. 1945, ch. 694) with respect to claimants laboring under legal disabilities (§ 50-e, subd. 5, death, infancy, etc.).. It is too late for a trial court to suggest that these exceptions were not intended to be exclusive although there is evidence to support that view. Too many high court decisions are to the contrary (but see Rand v. Andreatta, 60 Cal. 2d 846, discussed infra).
But it is surely not too late for the appellate courts to so hold by virtue of CPLR 2004.
CPLR 2004.
It is helpful to observe the recommendation of the Judicial Council (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 277):
“Prosecution of a claim against a municipal corporation should not be barred, absolutely, because of a reasonably excusable and non-pre judicial omission to serve a notice of claim within the prescribed time. * * *
“ The Civil Practice Act grants the court power, after the commencement of an action or proceeding to ‘ enlarge the time ’ for doing any act ” (Civ. Prac. Act, § 98 [now CPLR 2004]).
None of the eases which hold that the 90-day notice per se is an absolute condition precedent to suit, have considered the applicability of CPLR 2004 (or its predecessor). In my judgment that section may be rationally applied consistent with justice and common sense.
CPLR 2004, “Extensions of time generally”, provides: ‘ ‘ Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.” (Italics added.)
The precise purpose of this provision can best be understood by examining section 98 (now CPLR 2004) in conjunction with section 99 of the Civil Practice Act. The terms “ except where otherwise expressly prescribed by law ” (CPLR 2004); “ except as otherwise expressly provided by statute ” (former Civ. Prac. *820 Act, § 98); “ except as otherwise specially prescribed by law ” (former Code Civ. Pro., § 783) were defined by former section 99 of the Civil Practice Act (and predecessor Code Civ. Pro., § 784). Thus section 99, “Limitation on extension of time”, provided: “ 1. A court or a judge is not authorized to extend the time fixed by law within which to commence an action; or to take an appeal; or to apply to continue an action where a party thereto has died or has incurred a disability; or the time fixed by the court within which a supplemental complaint must be made in order to continue an action; or an action is to abate unless it is continued by the proper parties.” (Italics added.)
The consolidators combed the Civil Practice Act (as did the consolidators of the Code of Civil Procedure) and in one section “ expressly prescribed” those time limitations which a court or a judge “ is not authorized to extend.” (See Code Civ. Pro., § 784.)
Under the CPLR the provisions of section 99 were dispersed among other appropriate articles. Thus, for example, CPLR 201 provides, “No court shall extend the time limited by law for the commencement of an action.” This is a prime example of what is meant by “ except where otherwise expressly prescribed by law.”
But nowhere in sections 50-e, 50-h and 50-i of the General Municipal Law or in section 1276 of the Public Authorities Law will there be found a provision which “ expressly provides ” that ‘ ‘ a court is not authorized to extend the time fixed by law ’ ’ for service of a 90-day notice of claim upon a municipality, a public benefit corporation or any other public corporation.
I so hold — but most respectfully so, recognizing high court decisions that I do not possess such power — but urging consideration of the view expressed for modification of such previous holdings. Judges, as trained triers of the facts, if granted this discretion under CPLR 2004, should prove more effective safeguards against stale claims than arbitrary fixed time periods. Such discretionary orders will, of course, be subject to review.
ESTOPPEL.
I rule also that the Long Island Eail Eoad is estopped on the facts of this case from asserting the section 50-e defense.
The “ quiet ” amendment was not adequately brought to the attention of either the Bar or litigants. In this case, the railroad investigated the accident immediately after its occurrence. It interviewed, at her home, the plaintiff’s wife while plaintiff was in the hospital undergoing- amputations. It received within a few days actual notice by way of letter from plaintiff’s attorney. *821 It was served within 88 days of the accident with the summons and complaint in this action. I hold that unde]1 all the circumstances related, coupled with facts developed at the argument that other claimants had neglected to serve such 90-dag notices, that there was a duty to advise this plaintiff of the “quiet” amendment and that failure to do so results in an estoppel to raise that defense. Two recent cases have found estoppel under similar circumstances (Hopkins v. East Syracuse Fire Dist., 49 Misc 2d 197; Nagy v. Rothstein, 53 Misc 2d 367).
In Nagy the court held that service of the summons and complaint prior to the expiration of the 90-day notice period met the statutory notice requirement. (See, also, Chalmers & Son v. State of New York, 271 App. Div. 699, affd. 297 N Y 690.) In Hopkins, in addition to finding “ equivalency ” between service of a summons and complaint and notice, the court also found that a “quiet” statute (including certain fire districts within section 50-e) resulted in an estoppel.
Estoppel may be applied to municipal corporations; it surely can be applied to public benefit corporations (Planet Constr. Corp. v. Board of Educ., 7 N Y 2d 381, 385 and cases cited).
A case decided by the California Supreme Court (before the recent enactment of section 946.6 of the Government Code giving courts the broadest discretion to dispense with notice of claim) decides the precise issues raised on this motion. In Rand v. Andreatta (60 Cal. 2d 846, 849-850) the plaintiff had been late in filing the notice of claim. The defendant, a public entity, asserted an affirmative defense of such failure. The lower courts gave judgment to the defendant but certified questions to the Supreme Court.
“ Question: Does plaintiff’s failure to file claims, pursuant to the requirements of the Government Code, prior to the commencement of the action prevent consideration of any facts which might estop defendants from asserting the defense of failure to file a claim on time?
“ Answer: No. Since plaintiff commenced her action before filing the claims required by the Government Code, she is in the same position as if she had never filed a claim. Accordingly, we must determine whether estoppel may be used to excuse a failure to file any claim at all.
“ Estoppel may be used in a proper case to excuse the late filing of claims against public entities * * * [citing cases].
“ Therefore, since late [filing] is regarded as equivalent of no notice [citing cases] estoppel may likewise be used to excuse no notice.”
*822 The same case raised an issue under former section 716 California Government Code which is strikingly similar to issues decided by our courts under section 50-e. Although the California Law Revision Commission had urged upon the Legislature a general provision giving the California courts power to excuse late filing where no prejudice can be shown, that Legislature (like the New York Legislature) excused late filing only for legal disabilities (infancy, medical or mental disability, death). Nevertheless, the California Supreme Court held (p. 851): ‘ ‘ Plaintiff comes within none of the categories mentioned in this section * * *. Nor can it be contended that
the section impliedly shows a legislative intent to abolish estoppel by making the conditions [legal disabilities] outlined therein the only ones under which a late filing may be excused. Though the Law Revision Commission recommended that an express section with regard to estoppel be enacted and none was, it cannot be held that the Legislature intended to limit the assertion of estoppel against a public agency to the situations set forth in former section 716.”
The reference to estoppel ” rather than “ late filing ” has been explained supra — the California statutes do not provide for late filing but on the doctrine of estoppel dispenses with filing altogether where reasonable excuse and no prejudice is shown (Cal. Government Code, § 946.6).
The California .Supreme Court thus followed a course quite different than did our high courts in other than legal disability cases (cf. Matter of O'Neil v. Manhattan Bronx Tr. Auth., 23 A D 2d 488).
There are 80 pages of annotations (McKinney’s Cons. Laws of N. Y., Book 23, General Municipal Law) to section 50-e. The cases cited are full of injustices (Matter of Nori v. Yonkers, 300 N. Y. 632; Matter of Kreuzer v. New York City Housing Auth., 282 App. Div. 881; Thompson v. City of New York, 24 A D 2d 427; Jefferson v. New York City Housing Auth., 24 A D 2d 943; Payne v. Village of Horseheads, 21 A D 2d 715 ; Matter of Daly v. County of Monroe, 19 A D 2d 691, affd. 14 NY 2d 574; Matter of Lynn v. City of New York, 18 A D 2d 1076, affd. 13 N Y 2d 955). In other cases appellate courts have strained to accomplish justice (Biancoviso v. City of New York, 285 App. Div. 320; Matter of Kaiser v. Town of Salina, 20 A D 2d 312). Vesting courts with discretion in proper cases to extend the time limited for serving notices of claim will not do away with all injustice but it will most.
Our Court of Appeals in its justly celebrated Bernardine decision did not hesitate to construe the Court of Claims Act — *823 then 16 years in the statute books — as a legislative waiver of municipal as well as State tort immunity (Bernardine v. City of New York, 294 N. Y. 361). Nor under predecessor statutes to section 50-e did it hesitate, without statutory authority, to extend the time for serving notices of claim for persons laboring under legal disability (Russo v. City of New York, 258 N. Y. 344; Murphy v. Village of Fort Edward, 213 N. Y. 397). Surely as good reason exists, even at this late date, for construing the “ extension of time” statute (CPLR 2004) as applicable to section 50-e notices of claim. Where injustice is so manifest, our courts should not remain impotent.
The motion is in all respects granted. Plaintiff may file a late notice of claim within 10 days after the entry of the order herein (CPLR 2004). Leave is granted 30 days thereafter to amend the complaint to comply with subdivision 1 of section 1276 of the Public Authorities Law. The order shall also provide, in the alternative, that service of a notice of claim is dispensed with in view of service of summons and complaint, and that the complaint may, if necessary, be amended to provide the specifications of subdivision 2 of section 50-e, and for service of duplicate copies under subdivision 3. The order shall also provide that defendant is estopped from establishing its separate defense of no notice and for the striking of such defense.