Abthub W. LonscHEisr, J.
This is an action in which the plaintiff, a bank as defined by subdivision 1 of section 2 and article 3 of the Banking Law, seeks to recover the unpaid balance due it pursuant to an installment note, executed in its favor by the defendants. The defendants, on April 19¿ 1971 executed the note in the sum of $6,608.40, payable in 60 monthly installments of $110 each, beginning on June 19, 1971. Interest, in the form of a discount, equal to the sum of $1,608.40, had already been calculated in determining the face amount of the note. In effect, therefore, the defendants, on a note or loan amount of $6,608.40 received a net sum of $5,000.
The defendants failed to make the required installment due on June 19,1973 and for each succeeding month thereafter when on August 31, 1973, the unpaid balance of the loan was accelerated, giving rise to this lawsuit. The defendants made an effective 24 payments prior to their default and thereafter made a payment of $220.28 after maturity. While this final payment will affect the ultimate balance due to the plaintiff, it has no effect on the conflicting positions advanced by the parties. Among other things, the note contains a provision for counsel fees in the amount of 20% of the total due at the time of referral to an attorney for collection.
The defendants raise two issues in that: (1) they contest the value of the counsel fees requested by the plaintiff’s attorney, and (2) they dispute the method of which the plaintiff calculates its claimed interest, alleging that unearned interest should *941 be prorated from the time of maturity, that is, from the time when the plaintiff accelerated on the default.
The defendants’ first contention is easily disposed of. Section 108 (subd. 5, par. [e], cl. [iii]) of the Banking Law “ which permits * * * a recovery of 1 actual expenditures, including reasonable attorneys’ fees ’ * * * is not contra bonos mores.” (Tinker Nat. Bank v. Grassi, 57 Misc 2d 886, 887.) The insertion of a 20% counsel fee is permissible, subject only to the rule of reasonableness. (Franklin Nat. Bank v. Wall St. Commercial Corp., 40 Misc 2d 1003, affd. 21 A D 2d 878.)
Plaintiff’s counsel testified before me as to his experience and expertise in the field of commercial litigation, the time spent on this matter, including the trial. I find that based on the sums here involved, the 20% counsel fee to be fair and reasonable and will be hereinafter calculated.
More troublesome is the issue presented as to the method of calculation, of earnings out of prepaid interest at the time of default.
The note provides that in the event of prepayment, there will be a refund to the maker of unearned finance chargés based on the ‘ ‘ Rule of 78’s.” (“ The 78’s or Sum of The Digits Method ’’ —Financial Publishing Co., Boston, Mass.) This rule is found in section 108 (subd. 4, par. [e]) of the Banking Law which governs the instant transaction. Often referred to as “ the sum of the digits ”, it specifically provides: “ a borrower may prepay the loan in full * * * In the event of such prepayment * * * the bank * * * shall refund (1) the unearned portion of the intérest previously deducted to the borrower to the ratable extent at least, that the sum of the unpaid balance of the loan * * * bears to the sum of all the unpaid balances of the loan schedule at like periodic intervals from its inception to and including the maturity of the final installment ”.
The Rule of 78’s is a weighted method whereby a greater portion of interest is allocated to the first installment used in repaying the loan, gradually decreasing to the last payment in accordance to the formula laid down by the statute. The theory takes into account the fact that the time of the greatest loan risk is when the unpaid balance is at the highest thereby entitling the lender to a greater amount of earnings. Clearly, if the borrowers sought prepayment at some period during the life of the loan, they would be entitled to a rebate in a sum less than a prorated amount.
The defendants’ claim, however, and it is not without some authority, is that they are entitled to a credit based on a pro *942 rated rebate. In a recent case (Atlas Fin. Corp. v. Ezrine, 42 A D 2d 256, 258), the court held: “ Appellants are entitled to receive credit for the portion of the defaulted notes representing unearned interest from and after the date of acceleration.” (To the same effect, see also, Berman v. Schwartz, 59 Misc 2d 184, affd. 33 A D 2d 673.)
At first blush, the persuasive logic of these two last-cited cases would appear to be dispositive of the issue. Nowhere, however, in a reading of both of these cases does there appear to be a provision in the loan documents providing for a disproportionate rebate of the discount in the event of prepayment. Parties are free to chart their own contractual course within the confines of that which is legally permissible and where not unconscionable. In the case at bar, the parties have contracted for a rebate on prepayment in accordance with a statutory scheme. Certainly the defendants should receive no greater benefits by their wrongful conduct (default in payment) than they would have received had they more than honored their commitment to pay by prepaying (Chemical Bank v. Padilla, 71 Misc 2d 964).
I find therefore, that the rebate to which the defendants are entitled shall likewise be computed under the Rule of 78’s. I further find that the plaintiff is entitled to the contract rate of interest up to the date of maturity and thereafter at the legal rate of interest. The maturity date and date of acceleration are the same. (Atlas Fin. Corp. v. Ezrine, supra; Ferris v. Hard, 135 N. Y. 354; Dime Sav. Bank of Brooklyn v. Carlozzo, 55 Misc 2d 821.) The acceleration date as testified to by the plaintiff's witness is August 31, 1973 and the date from which there is to be calculated the amount of prepaid interest to be rebated. Likewise, the 20% counsel fee is to be computed on that figúre. I find that the amount due the plaintiff is as follows:
Unpaid balance of note as of August, 1973.. $3965.04
Less rebate computed under the Rule of 78’iS
from August 31, 1973................. 522.89
Balance due plaintiff.................... 3442.15
Counsel fee at 20%....................... 688.43
Balance ............................... 4130.58
Less payment made after maturity......... 220.28
Total due plaintiff..................... $3910.30
*943 Interest at the rate of 6% is due from August 31, 1973 on the total amount due plaintiff. Let judgment for the plaintiff he entered accordingly.