Davⁱᴅ L. Cᴏʜᴇɴ, an Infant, by His Father, Aʟᴀɴ Cᴏʜᴇɴ, Respondent, et al., Petitioner, v Pᴇᴀʀʟ Rⁱᴠᴇʀ Uɴⁱᴏɴ Fʀᴇᴇ Sᴄʜᴏᴏʟ Dⁱsᴛʀⁱᴄᴛ, Appellant, et al., Respondent.

Second Department, August 27, 1979

APPEARANCES OF COUNSEL

*Sichol & Hicks, P. C. (O'Neil Kelly* of counsel), for appellant

*Gerald S. Jacobs* for David L. Cohen, respondent.

### OPINION OF THE COURT

TITONE, J.

The question for determination on appeal is whether under subdivision 5 of section 50-e of the General Municipal Law, as amended effective September 1, 1976, the period of one year and 90 days within which a court of competent jurisdiction may extend the time for a notice of claim to be served upon a public corporation, may be tolled by infancy under CPLR 208.

### FACTS

The infant claimant, David Cohen, was born on April 10, 1960. On September 30, 1975, while participating in a soccer game between the school he was attending, Tappan Zee High School,[1] and the Pearl River High School Junior Varsity (Pearl River School District), at the latter school's field, the claimant allegedly sustained an injury to his foot when it struck a "hidden object which was protruding from the ground". The subject application for leave to file a late claim

---

1. Respondent Orangetown Central School District, in which Tappan Zee High School is located, did not oppose either petitioners' motion to file a late notice of claim, or their subsequent motion for reargument.

on behalf of the infant was made on December 5, 1977, which date was some 15 months after the effective date of the amendment to section 50-e, and some 26 months after the accident.

THE LAW

The following portions of sections 50-e (effective Sept. 1, 1976) and 50-i of the General Municipal Law and CPLR 208 are relevant to the disposition of this case:

"§ 50-e. Notice of claim

"1. When service required; time for service; upon whom service required.

"(a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, *the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.* * * *

"5. Application for leave to serve a late notice.

"Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. *The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation.* In determining whether to grant the extension, the court shall consider, in particular * * * *The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim"* (emphasis supplied).

"§ 50-i. Presentation of tort claims; commencement of actions

"1. No action or proceeding shall be prosecuted or maintained against a * * * school district for personal injury * * * unless, (a) a notice of claim shall have been made and served upon the * * * school district in compliance with section fifty-e of this chapter * * * and (c) *the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based"* (emphasis supplied).

"§ 208. Infancy, insanity

"If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues * * * *if the time otherwise limited is less than three years, the time [within which the action must be commenced] shall be extended by the period of disability"* (emphasis supplied).

Also pertinent in this case is a determination by the Court of Appeals on May 4, 1978, in *Matter of Beary v City of Rye* (44 NY2d 398), and four related cases. In *Beary,* this State's highest court was concerned, *inter alia,* with how the new guidelines enacted under the amendment to section 50-e of the General Municipal Law should be applied to claims accruing prior to September 1, 1976, the effective date of the amendment.[2] It held that the Legislature, in enacting the new guidelines, intended to apply them to claims which accrued within one year prior to the effective date of the amendment; but that the amendment did not revive claims that accrued more than one year prior to such effective date.

### DETERMINATION OF SPECIAL TERM

On March 22, 1978, which was prior to the determination of the *Beary* case by the Court of Appeals, Special Term initially denied petitioners' application for leave to file notices of claim against both school districts on the ground that the application was untimely since the extension of the time to file such notices could not exceed the time limited for the commencement of the action against the public corporations, namely the period of limitations set forth in section 50-i of the General Municipal Law, to wit, one year and 90 days from the happening of the event.

However, on September 22, 1978, which was after the *Beary* case was decided by the Court of Appeals, Special Term granted reargument of petitioners' motion and, after reargument, granted the motion to the extent of allowing a notice of claim to be served against each school district on behalf of the infant. In reversing its earlier determination as to the infant,

---

2. Under subdivision 5 of section 50-e as it read prior to September 1, 1976, application for leave to file a late notice of claim had to be made within one year "after the happening of the event upon which the claim is based". Under the revision, the period during which the late filing may be permitted is identical with the "time limited for the commencement of an action by the claimant against the public corporation", which period under section 50-i of the General Municipal Law, is one year and 90 days.

Special Term held that in view of the fact that the child had been injured on September 30, 1975, or less than one year prior to September 1, 1976, the effective date of the amendment to section 50-e, the infant's application (as to appellant Pearl River, insofar as this appeal is concerned) was timely, since the application for an extension did not exceed the time limited for the commencement of the action against appellant, to wit, within one year and 90 days from the date the infant reached his majority, citing CPLR 208, which is quoted in part above.

DETERMINATION ON APPEAL

■ The portion of the order granting, after reargument, the motion for leave to file a late notice of claim on behalf of the infant claimant as against the appellant school district should be reversed, and the motion denied as against the appellant, without costs. In my opinion Special Term's reliance on the Court of Appeals decision in *Beary* as a basis for granting the relief requested herein was misplaced. As indicated above, *Beary* held that the amendment to subdivision 5 of section 50-e of the General Municipal Law applied to claims which had their genesis in an injury that occurred on or after September 1, 1975. It did not deal with the question of whether the one year and 90-day limitation in which a court of competent jurisdiction was empowered to grant an extension for late filing, was tolled during the infancy of a claimant.

It is true that notice of claim statutes and Statutes of Limitations have certain similar characteristics. Each relies on the passage of time to vitiate what might otherwise be a justifiable claim or cause of action, as well as upon rules as to when a claim or cause of action accrues. However, as stated by Judge FUCHSBERG and in *Beary* (44 NY2d 398, 412, *supra):* "[I]n leaving the determination of whether extensions of time are to be *granted in exceptional cases to a delineated judicial discretion rather than an automatic tolling statute,* they [notice of claim statutes] *differ strikingly from conventional Statutes of Limitations* (compare CPLR 208)" (emphasis supplied).

■ Whether regarded as permissible qualifications upon a legislatively created right or as reasonable conditions for the exercise of a common-law right, the recognized purposes of a notice of claim statute are, *inter alia,* to afford a local govern-

ment the opportunity to fully investigate a claim against it, and, if regarded as appropriate, to settle claims without the expense and hazards of litigation *(Salesian Soc. v Village of Ellenville,* 41 NY2d 521, 524). Though notice of claim provisions also benefit claimants by assuring earlier processing and consideration of their claims, *they are enacted primarily for the benefit of the governmental agencies to which they apply (Salesian Soc. v Village of Ellenville, supra,* at p 524).

However, notice statutes, although designed to afford a municipality or other public corporation an opportunity to make an early investigation of the claim while the facts surrounding it are still fresh, were not intended as a trap for the unwary and the ignorant. Thus, statutes such as subdivision 5 of section 50-e, permitting a court, in its discretion, to extend the time for a claimant to file a notice of claim, were enacted to give such person relief where warranted from the harsh strictures of time imposed under conventional notice statutes (cf. *Matter of Beary v City of Rye, supra,* at pp 411-412; *Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach,* 301 NY 233, 236-237; *Quintero v Long Is. R. R.,* 55 Misc 2d 813, 816-819). Indeed it has been opined that without discretion being vested in the courts to permit late filing, notice of claim statutes in effect become extremely short Statutes of Limitations and in such instances, may well be unconstitutional (see *Quintero v Long Is. R. R., supra,* at pp 817-819).

Statutes of Limitations on the other hand are not designed to afford a defendant, public corporate body or otherwise, an opportunity to investigate the alleged claim, but rather to penalize claimants for sleeping on their rights *(Matter of Feinberg,* 18 NY2d 499). They are statutes of repose, calculated to put an end to stale claims *(Cameron Estates v Deering,* 308 NY 24; *Gregoire v Putnam's Sons,* 298 NY 119). A Statute of Limitations is not open to discretionary change by the courts no matter how compelling the circumstances *(Arnold v Mayal Realty Co.,* 299 NY 57). Consistent with the above reasoning, it has been stated, correctly I believe, that the sole purpose of a tolling statute based upon a personal disability is to afford such person an additional amount of time to sue (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 208:1, p 261; cf. *Kaiser v Cahn,* 510 F2d 282); and exceptions to a limitations statute in favor of persons under disability should be strictly construed

and never extended beyond their plain import (54 CJS, Limitations of Actions, § 216).

With such prior observations in mind, subdivision 5 of section 50-e of the General Municipal Law, as it now reads, should be construed with respect to the tolling issue, by (1) first scrutinizing its chronological history and judicial decisions in this area with respect to language employed in such statute before September 1, 1976, and (2) determining whether the language now employed in the statute prevents the use of such past decisions as binding precedent in this instance.

Section 50-e of the General Municipal Law was enacted in 1945 (L 1945, ch 694). Subdivision 5 thereof read, *inter alia:*

"5. Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one. [Under subdivision 1, the notice had to be given within 60 days after the claim arose.]

"Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based" (emphasis supplied).[3]

The historical basis for the enactment of such subdivision was the prior existence of two well-known defects in the law of New York as to the filing of notices of claim against municipal and other public corporations. First, there was no uniformity in the numerous special statutes applicable to various municipalities, and second, there was confusion and technicality galore in court decisions (see *Matter of Martin v School Bd.,* 301 NY 233, 237, *supra).*

To remedy those defects, the Judicial Council in 1943 sent to the Legislature a proposed draft of a prospective section 50-e which, *inter alia,* would have extended the time for filing (suggested 90-day period from the date of the tort), in *the case of a claimant who was an immature infant,* or mentally or

---

**3.** Subdivision 5 was later amended (L 1959, ch 814, eff April 24, 1959), and stayed in effect until September 1, 1976. The 1959 amendment rephrased the original first paragraph thereof without material change, and added a provision not relevant to this case.

physically incapacitated, *until a reasonable time after the cessation of the disability,* even though more than 90 days after the tort. The council reminded the Legislature in its 1943 recommendation that since none of the then existing statutes made specific exceptions because of disability, the courts, finding neither authorization for, nor prohibition against such favors, had been liberal in construction of those provisions by granting disabled persons extensions of time for filing, citing *Murphy v Village of Fort Edward* (213 NY 397) and *Russo v City of New York* (258 NY 344).

However, the Legislature rejected the proposal of the council, and in 1945, according to the council in its 1946 report, enacted the version of subdivision 5 of section 50-e found in chapter 694 of the Laws of 1945, quoted in part above. According to the council in its 1946 report, the new law was " 'the result of a compromise' " and demanded therein filing within 60 days " 'with certain exceptions that may, under some circumstances, extend the period up to one year (subd. 5)' " *(Matter of Martin v School Bd., supra,* at p 238).

Contrary interpretations of the 1945 statute as it affected injured persons with disabilities such as infancy and mental defects followed within a few years of its enactment. In December, 1948 Mr. Justice FROESSEL (subsequently an Associate Judge of the Court of Appeals), sitting in Special Term, Kings County, on two applications for late filing after expiration of the one-year statutory period, took into consideration the age of each minor in arriving at his determination in each case. In *Matter of Hector v City of New York* (193 Misc 727), the infant claimant sustained a fracture of his left arm in July, 1946, as a result of a collision between a bicycle on which he was riding and a trolley car owned and operated by the defendant municipality. The child was eight years old at the time. His mother filed an informal and allegedly insufficient notice of claim about five months after the accident, which was more than the 60-day time limit set forth in the law. The application for leave to file a late notice was not made by a subsequently retained counsel until approximately two years after the accident. Mr. Justice FROESSEL granted the application on the ground that the language contained in 50-e was not intended to limit the power of the courts to grant relief *"in the case of infants of tender years", and "the infant is excused from compliance only where his maturity renders*

*him physically or mentally unable to comply"* (193 Misc, at p 729, *supra;* emphasis supplied).

In another case decided by Mr. Justice FROESSEL the same day *(Matter of Witherspoon v City of New York,* 193 Misc 730, 731), a similar application on behalf of a claimant who was 17 years of age at the time of the accident, and who did not consult an attorney until 14 months after the accident, was denied on the ground that "[i]nasmuch as the infant was seventeen years of age at the time of the accident, she cannot claim the benefits accorded to 'immature infants.' (See *Matter of Hector v. City of New York,* 193 Misc. 727, decided herewith.)"

It should also be mentioned that the Appellate Division, First Department, in *Matter of Moore v City of New York* (276 App Div 585), cited the *Hector* case with approval in granting an application for late filing on behalf of an insane adult after the one-year period then contained in section 50-e had expired.

However, this court made no distinction between infants of "tender years" or "immature infants", and older minors, when it denied two applications for late filing in the fall of 1949. In *Matter of Martin v School Bd.* (275 App Div 1042), the infant claimant was 12 years of age at the time of the accident, and the application was made 19 months thereafter; while in *Matter of Ennis v City of Peekskill* (276 App Div 779), the child was 10 years old when he was injured in the accident, and the application was made about 20 months thereafter. In each instance this court affirmed Special Term's denial of the application on the ground that it had no discretion to grant the application under the provisions of section 50-e of the General Municipal Law which required that such an application be made within one year after the happening of the event on which the claim was based.

When the *Martin* case reached the Court of Appeals, Judge DESMOND, writing for the majority of that court, first traced the "history of the gestation and birth" of subdivision 5 of section 50-e, as touched upon in this opinion. After mentioning, *inter alia,* that the Judicial Council's proposal that immature infants and others be permitted to file after the end of the disability was rejected by the Legislature, and a compromise bill was later enacted giving the court discretion to extend the time for filing in the case of an infant or a person mentally or physically incapacitated, Judge DESMOND made

the following highly pertinent remarks *(Matter of Martin v School Bd.,* 301 NY 233, 238-239, *supra):*

"This history of the gestation and birth of this statute, seems necessary by reason of contentions now made that, despite the statute's plain language, and despite its specific provisions as to infants and others under disability, nevertheless, so we are told, it is still the law that, long after the end of the one-year period limited by subdivision 5 of section 50-e, a court may still permit late filing, by an infant. The short answer is that the Legislature has seen fit to deny such a power to the court, and that the Legislature had the undoubted right to do so. * * *

"References to the cases, such as *Murphy v. Village of Fort Edward* (213 N. Y. 397) and *Russo v. City of New York* (258 N. Y. 344, *supra)* decided before section 50-e became the law, are helpful only to show what the law was before September 1, 1945. The Legislature, which was, actually as well as theoretically, familiar with those decisions, and which had before it the Judicial Council's recommendation that those decisional rules be made statutory, nevertheless, deliberately, and after delay, consideration and compromise, made new and entirely different law on the subject. Wise or unwise, fair or harsh, that law is as binding on the courts as it is on this petitioner and on everyone else. * * *

"The order should be affirmed, with costs."

Of further historical interest is that Judge FROESSEL, who espoused the "immature infant", or "infant of tender years" exception to subdivision 5 of section 50-e in *Hector (supra),* authored the dissenting opinion in *Martin.* Consistently, he adhered to his previous view, asserting *(supra,* pp 242-243) that the Legislature did not intend to include within the statute's provisions "a class of persons which the law has universally recognized to be utterly devoid of responsibility and for whom it has provided many safeguards, and that it did not intend to require them to do that which is impossible of performance."

Thus, from the interpretation by the majority of the Court of Appeals Judges in *Martin,* based on the unambiguous language of the statute and the intent manifested by the Legislature, it is clear that not only was there no provision contained in subdivision 5 of section 50-e, as originally enacted, allowing the "tolling" or "extension" of the one year period in which an application for late filing of a notice of

claim could be made on behalf of an infant, but that the Legislature in 1945 categorically rejected a specific recommendation in that regard.

Nor do I believe that the historical significance and clear thrust of the Court of Appeals determination in *Martin* on the tolling issue has been overturned, neutralized or even diluted by the language presented contained in subdivision 5 of section 50-e, as amended effective September 1, 1976. First, as noted by Judge FUCHSBERG in *Matter of Beary v City of Rye* (44 NY2d 398, 407-408, 411, *supra),* the primary purpose of the amendment was to provide courts a greater discretion to give relief from the requirement of filing a timely notice of claim, or concomitantly, to loosen the narrow constraints on judicial discretion set forth in such statute prior to the amendment. The primary ground for an extension cognizable by a court before the amendment was disability arising out of infancy or mental incapacity. Additionally a court could permit late filing when a person entitled to assert a claim had either died before the expiration of the 90-day period or had placed justifiable reliance upon written settlement representations made by, *inter alia,* an insurance carrier against whom the claim was to be made.

The new standards under subdivision 5, as amended, are far more elastic. In substance, they require a court "to consider" not only the factors to which it was formerly limited, but other new specified ones (such as, *inter alia,* whether the claimant made an excusable error in serving a public corporation other than the one involved in the accident), along with "all other relevant facts and circumstances". Actual knowledge of the essential facts of the claim by the public corporation or those acting for it within the 90-day period or a reasonable time thereafter is also a matter that a court may now consider under the recent amendment in deciding whether a late notice of claim may be served. Tolling, or extending, the time in which an application for late filing could be considered by the court was evidently not contemplated by the Legislature when it enacted the subject amendment in 1976. (See, also, Fourteenth Annual Report of the Judicial Conference to the Legislature on the Civil Practice Law and Rules, Twenty-First Ann Report of NY Judicial Conference, 1976, pp 282, 286-288.)

Second it should be noted at the outset that subdivision 5 of section 50-e, as amended, also enlarged the period within

which a late notice of claim may be filed, from "one year after the happening of the event upon which the claim is based" to the "time limited for the commencement of an action by the claimant against the public corporation", which under 50-i of the General Municipal Law is one year and 90 days. It is also true that the time limited to bring an action against such a public body under section 50-i is tolled, *inter alia,* by the disability of infancy under CPLR 208 (see *Abbatemarco v Town of Brookhaven,* 26 AD2d 664; *La Fave v Town of Franklin,* 20 AD2d 738).

However, nowhere in either subdivision 5 of section 50-e or in section 50-i, is there any language expressly or impliedly indicating that the one year and 90-day limit is tolled by a disability when applied to the late filing of a notice of claim. As succinctly stated by the Judicial Conference in its 1976 report to the State Legislature: "The added flexibility in section 50-e is *attained primarily by enlarging the period within which a late notice of claim may be filed, not to exceed the limits set by a statute of limitations,* and articulating some of the factors which should guide the court's discretion in permitting a late filing" (p 288; emphasis supplied).

Moreover, CPLR 208, the tolling statute pertaining to a disability by reason of infancy, contains no language which may be deemed to apply to the filing of a late notice of claim. Rather it is specifically limited to a *"person entitled to commence an action"* who *"is under a disability because of infancy or insanity at the time the cause of action accrues"* and, as it pertains to the infant claimant herein, "if the time otherwise limited is less than three years, the time [within which the action must be commenced] *shall be extended by the period of disability"* (emphasis supplied). Had the Legislature intended that CPLR 208 should also apply to the extension period for late filing, it would have been relatively simple for it to have included the necessary implementing language in such section at the time it enacted the recent amendment to subdivision 5 of section 50-e of the General Municipal Law.

In conclusion it should be further stated that petitioners' interpretation of subdivision 5, as amended, suffers from a built-in anomaly. Under such strained interpretation, the limitation of one year and 90 days in which a court may exercise its discretion to grant late filing, based on the disability of infancy, would be automatically extended by the disabil-

ity itself. Nothing in the record suggests that the Legislature ever intended such an incongruous result.

Accordingly, since Special Term lacked the power to grant any extension for filing of the notice of claim beyond the period of one year and 90 days after the date of the accident on which the claim is based, the order should be reversed insofar as appealed from, and the application denied.

MOLLEN, P. J., HOPKINS, O'CONNOR and SHAPIRO, JJ., concur.

Order of the Supreme Court, Rockland County, dated September 22, 1978, reversed insofar as appealed from, on the law, without costs or disbursements, and, upon reargument, application to file a late notice of claim on behalf of the infant petitioner against the Pearl River Union Free School District is denied.