OPINION OF THE COURT
Joseph P. Kuszynski, J.
Plaintiffs, Gerald T. Snyder, Bonnie L. Snyder, Thomas A. Heisner and Lois O. Heisner, individually and on behalf of all present and former residents of the "Love Canal Site”, Niagara Falls, New York, bring this motion pursuant to CPLR article 9 to certify a class action representing persons in the area of "The Love Canal and its tributaries and environs within the City of Niagara Falls and the Town of Wheatfield”, for personal injuries incurred due to exposure to chemical wastes buried at the site.
In September, 1979, plaintiffs commenced the instant action in the form of a class action, alleging that they became "sick, sore, lame and disabled” due to exposure to hazardous wastes while residents of the "Love Canal Site”. A month later, in October, 1979, the same plaintiffs along with 20 additional persons, all represented by same counsel, brought individual actions duplicative of their earlier class action, alleging similar injuries. The plaintiffs now move pursuant to CPLR article 9 to certify their first action as a class action.
CPLR 901 (subd a) sets forth five prerequisites which must be fulfilled before a class can be certified. In determining whether these conditions have been established, it is necessary to consider the five factors listed under CPLR 902.
Counsel for the plaintiffs estimate that there are over 100 potential claimants who, to date, have not commenced a *737 lawsuit, and whom a class action would protect. However, the existence of such an unprotected potential group of claimants has not been sufficiently demonstrated.
Numerous present and former residents of the expanding Love Canal site have already commenced actions concerning injuries allegedly related to the buried chemical wastes. At the time of the oral argument, this court was informed that 556 actions have been commenced on behalf of 1,254 individual plaintiffs. Initially, they were represented by more than 30 attorneys. By arrangement among these attorneys and approval of their clients, their number has now been reduced to eight law firms. Two firms alone, Grossman, Levine & Civiletto, and Moriarty, Allen, Lippes & Hoffman are the trial counsel in 470, or 84.5% of these actions.
The extent of the litigation already in process would thus indicate that a class of Love Canal residents, represented by the attorneys pressing for a class action status, who presently represent only 24 out of the 1,254 claimants who have brought actions, is uncalled for. It also indicates an interest of the members of the potential class in individually controlling the prosecution of their own lawsuits. (CPLR 902, subd 1.) All parties who were heard at oral argument opposed plaintiffs’ motion.
Class actions have proved to be a useful device primarily in nontort mass action settings, where the claims are so small that individual prosecution is impractical. This characteristic is absent in the Love Canal suits. This is not a situation where small monetary amounts of the individual claims mitigate against separate action. Many of the individual claims made by the Love Canal plaintiffs seek millions of dollars in damages.
Nor are we to be concerned with lack of notification to the residents or former residents of the Love Canal area, which might prevent eligible claimants from bringing timely actions to recover for personal injuries. News of this environmental disaster has not only been publicized daily by local media, but is a recurring topic of the nationwide news media.
Moreover, the "Love Canal” litigation deals with people of a geographically defined area, who are organized into an association and who must be presumed to be aware that they are potential claimants. There can be but little doubt that every one of them who may be concerned with the harmful effects to his health has heretofore had ample opportunity to bring a *738 lawsuit. This court does not feel that the creation of a class or classes will do anything to protect the rights of any unknown potential litigants.
The large number of litigants already represented by highly regarded local counsel, gives rise to a reasonable inference that were a class action permitted, most persons already represented would opt out of the class in favor of representation by attorneys of their own choosing. The probability of extensive exclusion could very well result in a class with so few members as to be counterproductive. (See 3B Moore’s Federal Practice [2d ed], par 23.45 [4.-1].)
The courts must guard against the class action becoming a device which encourages a race to the courthouse by counsel eager to be the first to gain control over the entire course of litigation involving a mass tort. Such activity can have a negative effect upon both the law and the legal profession. (See Weinstein, Revision of Procedure: Some Problems in Class Actions, 9 Buffalo L Rev 433, 469.)
Generally class status where allowed, involves a single accident causing property or personal injury to a group of people. All the actions filed in the Love Canal situation have but a single denominator — that the injuries allegedly arise from exposure to toxic chemical wastes. The causes of action vary, however, to include trespass, strict products liability, fraud and inverse condemnation. Each case may call for individual handling because difficult questions of causation, manifestation and extent of the injuries are present.
As this court had indicated in Matter of Mervak v City of Niagara Falls (101 Misc 2d 68, 73), when it declined the class action approach concerning notices of claim filed pursuant to section 50-e of the General Municipal Law against public corporations for injuries arising from exposure to the Love Canal wastes, "[t]he facts underlying these claims, filed on behalf of many, contain variables which prevent a blanket consideration of all the claims”. (See CPLR 901, subd a, par 2.)
This court has considered the evolution of the Love Canal litigation and is hopeful that it will proceed in an orderly fashion through the use of the devices of consolidation and coordination of the separate actions for specific purposes in accord with the guidelines of CPLR 602, rather than through the creation of a class. The presence of the relatively small number of attorneys directly involved in the handling of plaintiffs’ lawsuits, and the fact that two local law firms *739 control some 84.5% of the actions filed, should enhance the ability of this court to control pretrial matters without the class approach. Mr. Julien’s assertion regarding the inadequacy of CPLR 602 to control the litigation at hand is not being borne out by the developments to date. (See CPLR 901, subd a, par 5; 902, subd 2.)
Finally, in the oral argument, counsel for the plaintiffs asserted that a class should be created which would include unborn offspring of the Love Canal residents, citing the DES matter of Payton v Abbott Labs (83 FRD 382). He submits to the court that by creating a class comprised of unborn potential plaintiffs, current discovery can be used on behalf of the unborn and be an aid to judicial economy. At best, this contention is a conjecture only, as there is no reason to doubt that the rights of the unborn infants will not be diligently protected by their parents, many of whom have already brought suits in their own behalf.
There is no suggestion in the New York class action statute itself that the creation of a class for the unborn will act to extend or toll the Statute of Limitations for such a group. The Fourth Department in Matter of Ziecker v Town of Orchard Park (70 AD2d 422) indicated that a tolling of the time for serving a late notice of claim under subdivision 5 of section 50-e of the General Municipal Law may occur in the case of infancy. But see Cohen v Pearl Riv. Union Free School Dist. (70 AD2d 94), which holds to the contrary. This court does not find any factors distinguishing the situation of unborn potential plaintiffs from other plaintiffs which would induce it to create a class for them at this time.
Plaintiffs had failed to satisfy any of the prerequisites in the New York class action statute. It is but a speculation on the part of plaintiffs’ counsel that there exists a class of possible Love Canal claimants who have not filed an action. Nor has it been demonstrated that the interests of the known Love Canal litigants who have filed actions would be better served by a class action approach.
It would appear that no impediment exists, procedural or substantive, which would prevent many of the individual Love Canal actions from being tried jointly or in a consolidated action.
Plaintiffs’ motion for a certification of a class or classes in the Love Canal litigation is denied.
The plaintiffs herein named had individually filed a subse *740 quent action against the named defendants. No purpose will be served leaving both actions pending. Therefore, the cross motion on behalf of the defendants, Hooker Chemicals & Plastics Corporation et al., is granted, dismissing the earlier action filed in September, 1979 upon the grounds of duplication.