In the Matter of the Claim of ALICE T. SMITH, Respondent, against LAURELTON FIRE DEPARTMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 9, 1952.

*Ellsworth Van Graafeiland* for appellants.

*Ira H. Morris* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J., Appeal from decisions of the Workmen's Compensation Board which held that decedent was an employee of a volunteer fire association and the commissioners of a fire district, and an award of death benefits to his widow on the theory that he sustained an accidental injury in the course of his employment which resulted in his death.

Decedent was a member at large of the Laurelton Volunteer Fire Association, Inc., a membership corporation. The membership was divided into four classes: members at large, active members, life members and honorary members. The proof is clear that decedent was not an active member and that only active members had any duties in connection with the suppression of fires. And the constitution of the association provided explicitly that the election of an active member was not complete or effective until confirmed by the commissioners of the fire district in conformity with section 176 of the Town Law.

On April 14, 1948, a grass fire of considerable proportions occurred in the Laurelton District. Four or five active members of the association, under the command of first lieutenant Leinberger, were summoned to put out the fire. A number of bystanders also attended, and among them was the decedent. He came to the scene of the fire in his own car, and not in the truck which carried the active members with the exception of Leinberger. When Leinberger arrived the fire truck was there, and he saw decedent approximately 125 feet from the road fighting the fire with a broom which had evidently been taken from the fire truck. He issued no orders to the decedent to desist from such activity, and he saw nothing of him after his first observation. There were other persons, not active members of the fire company, also working at the fire.

After the fire was over decedent suffered a heart attack, and some hours later died as a result thereof. The board found on disputed testimony that his death was due to his exertions at the fire.

The board also made the following finding under the label of a finding of fact: " The decedent's services in fighting the fire were adopted by his superior in charge of the fire at the time

of the accident, thereby making decedent an active volunteer fireman at the time he sustained the accidental injuries.''

This, of course, is more than a finding of fact; in reality it is a conclusion of law. The facts, except as to causal relation, were not in dispute; and from the uncontroverted facts the board has drawn the legal conclusion that decedent became an active volunteer fireman. We doubt the authority of the board to establish any such legal principle, but in any event we think the conclusion drawn to be erroneous as a matter of law. Doubtless there are cases where acquiescence in the services of a person may result in the status of employment, but the principle underlying them, always to be applied cautiously, is not, in our opinion, applicable to the facts here.

The lieutenant in charge of the active members had no power of impressment, nor was he authorized to make decedent an employee of the alleged employers by acquiescence or otherwise. If the board's conclusion is a sound principle applied to the facts here then every bystander who took a part in the suppression of the fire became an employee of the Laurelton Fire Department and the Fire Commissioners of the Laurelton Fire District because he was not forbidden to act by the officer in charge. It seems singularly unrealistic to say that at an extensive grass fire the officer in charge must devote his time to ordering unauthorized volunteers off the field or else they become members of a fire company. It is questionable whether he had such police power even if he had been inclined to assert it. In any event it is our opinion that such volunteers took their own chances.

The policy of insurance herein was issued to the Fire Commissioners of the Laurelton Fire District of the Town of Irondequoit, New York. It covered employees of the commissioners, including volunteer firemen, and also members of a volunteer fire company outside of the district who responded to a call for assistance, or whose offer of assistance was accepted by the employer. The uncontroverted facts of the claim herein do not come within the terms of the policy. No outside assistance was asked for or accepted, and within the limits of the district the officer in charge had no authority to bring decedent within the coverage of the policy.

However meritorious decedent's services may have been, and however tragic his death, we are constrained to hold that the award appealed from was beyond the power of the board to make under the circumstances.

The decisions and award should be reversed and the claim dismissed, with costs against the Workmen's Compensation Board.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Decisions and award reversed, on the law, and the claim dismissed, with costs against the Workmen's Compensation Board.