■ Alfred La Fave, Respondent, v. Town of Franklin et al., Appellants.— Appeal from an order of the Supreme Court, Franklin County, denying a motion to dismiss the action for failure to commence the action within " one year and ninety days after the happening of the event upon which the claim is based." (General Municipal Law, § 50-i.) The facts are not here disputed. On August 26, 1961, respondent, then 20 years of age, suffered personal injuries in an automobile accident allegedly due to the negligence of appellants. Subsequently respondent's father was appointed his guardian ad litem and application was made to file a late notice of claim pursuant to section 50-e of the General Municipal Law. This application was granted on May 17, 1962. A summons and complaint was not issued, however, until February 4, 1963 some one year, five months and nine days after the accident. The only issue on appeal is whether section 50-i of the General Municipal Law is a bar to the instant action. This in turn hinges solely on the question of whether section 60 of the Civil Practice Act (now CPLR 208) acted to toll the time limitation of section 50-i during respondent's infancy. Appellants claim that it did not and that respondent's time to commence the action expired as of November 15, 1962. The manifest legislative purport in enacting section 50-i was to centralize and make " uniform provisions relating to the commencement of actions against municipal corporations". (Governor's Memorandum, 1959 Legislative Annual, p. 458.) Prior to the enactment of section 50-i, the various applicable provisions though construed to apply uniformly (see *Christian* v. *Village of Herkimer*, 5 A D 2d 62) varied as to the language utilized (e.g., Second Class Cities Law, § 244; Highway Law, § 215; County Law, § 52; Town Law, § 67; Village Law, § 341 and provisions of various city charters). It is well settled that section 60 applied to these predecessor statutes (e.g., *Matter of Martin* v. *School Board*, 301 N. Y. 233; *Russo* v. *City of New York*, 258 N. Y. 344; *McKnight* v. *City of New York*, 186 N. Y. 35). Appellants urge that subdivision 2 of section 50-i when read with section 10 of the Civil Practice Act (now CPLR 201), evinces a legislative intent to exclude the application of section 60. We cannot agree. We construe subdivision 2 of section 50-i to reflect only a legislative intent to supersede the numerous specific statutes that preceded section 50-i and not to eliminate the applicability of section 60. The legislative history and the phraseology utilized reveals no other purport. Order

affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.