JAMES K. CORBETT, by His Father, CORNELIUS P. CORBETT, et al., Respondents, *v.* FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, Appellant.

Fourth Department, June 25, 1970.

*Oot, Greene, Setright & Moore* (*Victor A. Hershdorfer* of counsel), for appellant.

*Kiley, Feldmann, Whalen, Fuller & Devine (William D. Kiley* of counsel), for respondents.

DEL VECCHIO, J. Defendant Central School District appeals from so much of an order as denied its motion to dismiss the infant plaintiff's action on the ground that it was barred by the one-year and 90-day Statute of Limitations contained in subdivision 1 of section 50-i of the General Municipal Law.

The complaint alleges that plaintiff was injured on August 30, 1964, when he fell into an excavation which existed on property owned by defendant during the course of repair and renovation of school premises, and that timely notice of claim was served on the school district on November 17, 1964, within 90 days after the claim arose. Actions by the infant and his father were not commenced until September 24, 1968, 4 years and 25 days after the accident. Upon motion by defendant, the father's action was dismissed as barred by subdivision 1 of section 50-i of the General Municipal Law and no appeal has been taken from that determination. Appellant asserts that the same disposition should have been made of the infant's action.

The Appellate Divisions for the Second and Third Departments have held that the infancy tolling provisions of CPLR 208 are available to a plaintiff maintaining an action against a municipality, and that the provision of subdivision 2 of section 50-i of the General Municipal Law that "This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter", does not vary this result. (*Abbatemarco* v. *Town of Brookhaven,* 26 A D 2d 664; *La Fave* v. *Town of Franklin,* 20 A D 2d 738.) We concur in these conclusions.

In *Russo* v. *City of New York* (258 N. Y. 344) the Court of Appeals held that there is a distinction between the statutory requirement for the timely service of notice of claim against a municipality and the limitation period for commencing an action against the municipality. The first, which is intended to give the municipality prompt notice of the accident and to extend to it an opportunity to make timely investigation, is not suspended during infancy; the latter is not a statute of limitation which runs during infancy, for the time of disability by reason of infancy is not a part of the time limited for the commencement of the action.

Nothing contained in subdivision 2 of section 50-i of the General Municipal Law compels a conclusion that this distinction has been obliterated. The statute reflects "only a legislative

intent to supersede the numerous specific statutes that preceded section 50-i and not to eliminate the applicability of section 60 [now CPLR 208]. The legislative history and the phraseology utilized reveals no other purport '' (*La Fave* v. *Town of Franklin*, 20 A D 2d 738). CPLR 208 is not '' inconsistent '' with the one-year and 90-day period fixed for commencing tort actions against municipalities; it is simply an ameliorative provision which relieves infants and others within its benefit from the harsh results which might otherwise follow from the disabilities there embraced. In *Zeitler* v. *City of Rochester* (32 A D 2d 728) we recognized that subdivision 2 of section 50-i does not render inoperative all provisions of CPLR article 2 which would in effect permit the maintenance of an action against a municipality without service of process on it within the one-year and 90-day period prescribed by subdivision 1 of section 50-i. We now take this opportunity to express our concurrence with the Appellate Divisions of the Second and Third Departments and state that an infant is entitled to the tolling provisions of CPLR 208 in passing upon the timeliness under subdivision 1 of section 50-i of the General Municipal Law of an action against a municipality.

The case of *Erickson* v. *Town of Henderson* (30 A D 2d 282) cited by appellant is not authority for reversal of the order being reviewed. There, this court was construing the provisions of section 50-i as they applied to a wrongful death action; there was no question of the applicability of CPLR 208 to an infant's action.

The order should be affirmed.

GOLDMAN, P. J., WITMER, GABRIELLI and BASTOW, JJ., concur.

Order insofar as appealed from, unanimously affirmed, with costs.