MERRITT A. SMITH, Respondent, v RENSSELAER COUNTY et al., Appellants.

Third Department, June 10, 1976

*Carter, Conboy, Bardwell, Case & Blackmore (John T. Maloney* of counsel), for appellants.

*Gerald A. Harley* for respondent.

MAHONEY, J. Employees of Rensselaer County, on two occasions, entered upon Smith's lands without his permission and consent and cut down trees. Smith timely served a notice of claim against the county for each occurrence (General Municipal Law, § 50-e) and within one year and 90 days of the second alleged trespass (General Municipal Law, § 50-i) commenced an action in the Federal District Court against the named defendants. Thereafter, and beyond the time to timely commence suit pursuant to section 50-i of the General Municipal Law, the Federal court dismissed the complaint for want of jurisdiction and without prejudice to its commencement in the appropriate State court. Within six months of the Federal dismissal plaintiff sued in State Supreme Court.

The defendants contend that since the State action was commenced more than one year and 90 days after the event giving rise to the action, it is barred by the provisions of section 50-i of the General Municipal Law. That section provides that no action shall be prosecuted against a municipality unless the action shall be commenced within one year and 90 days of the event upon which the claim is based. Plaintiff Smith relies upon the tolling provision of CPLR 205 (subd [a])

which provides in pertinent part that, "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action * * * within six months after the termination." The issue then is whether the tolling provision of CPLR 205 operates to extend the limitation contained in section 50-i of the General Municipal Law when an action is dismissed for reasons not fatal to a recommencement, or if the time limitation in section 50-i is a necessary condition precedent that must be pleaded and proved to sustain an action against a municipality.

Until the CPLR replaced the Civil Practice Act in 1963 as the generic procedural law of this State, it was generally accepted that when the Legislature created a new right of action, previously unknown to the law, and the statute of creation contained a time limitation, that limitation was regarded as a condition precedent and, therefore, necessary to the maintenance of the action. It was not a true statute of limitation and, accordingly, was not capable of being tolled. The action had to be brought within the specific statutory limitation and no other. (Cf. *Cimo v State of New York,* 306 NY 143, 150; *Balzano v Port of N. Y. Auth.,* 23 AD2d 573.) When the Legislature enacted article 2 of the CPLR [eff Sept. 1, 1963], however, the question was raised anew whether the time limitations contained in statutes relating to actions against municipalities were "conditions precedent", and thus not tollable, or "statutes of limitation" subject to the tolling provisions of article 2 of the CPLR. The question, as it relates to the disability of infancy (CPLR 208), has been answered by the Appellate Divisions of the Second *(Abbatemarco v Town of Brookhaven,* 26 AD2d 664), Third *(La Fave v Town of Franklin,* 20 AD2d 738) and Fourth *(Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379) Departments. The time limitation is a "statute of limitations" and is tolled during the disability of infancy. A similar result has been reached with respect to the disability of insanity *(Matter of Hurd v County of Allegany,* 39 AD2d 499).

While we find no case or comment specifically interpreting the relationship of CPLR 205 and section 50-i of the General Municipal Law, we adhere to the reasoning set forth by this court in *La Fave v Town of Franklin (supra).* Therein, we

stated "[T]he manifest legislative purport in enacting section 50-i was to centralize and make 'uniform provisions relating to the commencement of actions against municipal corporations'". Accordingly, we construed subdivision 2 of section 50-i of the General Municipal Law to reflect a legislative intent "to supersede the numerous specific statutes that preceded section 50-i and not to eliminate the applicability of section 60" (now CPLR 208). Herein, we find no legislative intent to eliminate the applicability of CPLR 205. Further evidence of the applicability of article 2 of the CPLR to the time limitations of section 50-i is to be found in *Zeitler v City of Rochester* (32 AD2d 728), wherein it was held that timely service upon any one of two or more defendants "united in interest" deprives all codefendants of the defense of the Statute of Limitations in actions against municipalities under the provisions of the General Municipal Law.

The order should be affirmed, without costs.

KANE, J. (dissenting). We are unable to agree with the holding of the majority that CPLR 205 applies to the period of limitation contained in section 50-i of the General Municipal Law for the commencement of an action against a municipality. In *La Fave v Town of Franklin* (20 AD2d 738) the disability of infancy, governed by CPLR 208, plainly related to a litigant's *capacity* to institute an action, and in *Zeitler v City of Rochester* (32 AD2d 728) CPLR 203 was employed to measure *when* a claim had been interposed against a municipality. Here, however, the choice of forum was a matter entirely within plaintiff's control. We can find no valid reason to extend the beneficial effect of CPLR 205 in the face of express statutory language requiring the commencement of the action within one year and 90 days, particularly when such action might impede or defeat the comprehensive scheme of section 50-i of the General Municipal Law to speedily resolve questions of municipal liability (cf. *Erickson v Town of Henderson,* 30 AD2d 282; 1 Weinstein-Korn-Miller, NY Civ Prac, par 205.12).

Accordingly, we would reverse the order appealed from and dismiss the complaint.

SWEENEY and LARKIN, JJ., concur with MAHONEY, J.; KOREMAN, P. J., and KANE, J., dissent and vote to reverse in an opinion by KANE, J.

Order affirmed, without costs.