■ In the Matter of the Claim of RICHARD G. GLAMM, Respondent, v CITY OF AMSTERDAM, AMSTERDAM FIRE DEPARTMENT, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed January 30, 1975 and an amended decision filed March 14, 1975. On April 26, 1969, claimant was driving along East Main Street in the City of Amsterdam when he came upon a fire being fought by the city fire department. After parking his car and without being asked to help, he proceeded to assist the firemen battling the blaze and climbed onto the roof of a building where he was directed by Lieutenant Furman of the fire department to knock out a window boarded up from the inside. While so engaged, he fell from the roof and sustained injuries for which a claim for compensation was made. Although a referee disallowed the claim, the board found that the claimant was deputized into service and that he was, therefore, an employee of the City of Amsterdam Fire Department under an implied contract of hire and awarded him benefits. The sole question presented on this appeal is whether an employer-employee relationship was established between claimant and appellant so as to entitle claimant to be compensated for his injuries under the Workmen's Compensation Law. We find that there was not such a relationship between claimant and appellant and that the decision of the board must be reversed. Admittedly, claimant was a person who liked to help out at fires, and in this instance, he was plainly not deputized or pressed into service, but voluntarily interjected himself into a dangerous situation and began assisting the fire fighters without any request on their part that he do so. Only at this point was he given any instructions by fire officials at the scene, and, as noted above, he subsequently suffered a fall and was injured. Under these circumstances, we conclude that claimant was purely a volunteer and not an employee entitled to compensation benefits. (Cf. *Matter of Smith v Laurelton Fire Dept.,* 279 App Div 291.) In so holding, we are further confirmed in our determination by the fact that claimant frequently in the past had come to the aid of fire fighters, and there is no indication that he ever expected or received any payment for his endeavors (see 1A Larson, Workmen's Compensation Law, § 47.41). Moreover, the Chief of the Amsterdam Fire Department testified that at the fire in question here he three times ordered all nonmembers of the department to leave the fire limits and not to assist with the firemen and that claimant, following his fall, apologized for not following his order. Decision reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.