■ GEORGE P. NOTO, Respondent, v SANTINA SPARACIO et al., Appellants.—In an action to set aside a deed conveying an interest in real property from plaintiff's decedent to three of said decedent's sisters, the defendants appeal, as limited by a stipulation dated August 25, 1976, from stated portions of a judgment of the Supreme Court, Dutchess County, dated December 31, 1975, which, after a nonjury trial, *inter alia,* declared the deed to be invalid and awarded exclusive possession to plaintiff, theretofore a joint tenant with the decedent. Defendant appellant Santina Sparacio died after the taking of this appeal. By letter dated February 8, 1977, counsel for appellants advised this court that he has been engaged by the executors of the estate of Santina Sparacio to "pursue their appeal". By letter dated February 18, 1977, counsel for plaintiff advised this court "that the death of * * * Santina Sparacio will not affect the prosecution of this appeal." Judgment affirmed insofar as appealed from, with costs. The evidence adduced at the extended trial held herein amply supported a finding that undue influence had been exerted upon the decedent, an 84-year-old man, who had been hospitalized and under the influence of various medications. Experts agreed that the medications caused disorientation, impairment of cerebral functioning and a proneness to pressure and suggestions. The deed in question was executed without the decedent having the benefit of counsel and after last rites had been performed. Under these conditions the burden of proof, which is normally upon the plaintiff to show undue influence, shifted to defendants to demonstrate affirmatively that no undue pressures had been exerted. They have not met this burden. We have considered defendants' remaining contentions and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ SIMONE PAVLICKO, as Parent and Natural Guardian of MICHELE PAVLICKO, an Infant, Appellant, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated January 14, 1976, which denied her motion to extend her time to serve a complaint and for leave to file a notice of claim *nunc pro tunc.* Order affirmed, without costs or disbursements. Plaintiff's suit would be barred under former section 50-e of the General Municipal Law because the notice of claim was served two days late and she did not move within one year for an extension of time to serve the notice of claim. It also appears that plaintiff's suit is barred under section 50-e as it presently reads (see L 1976, ch 745, § 2), because a court would lack the power to grant an extension beyond the applicable period of limitation, one year and 90 days (see General Municipal Law, § 50-i). The accident upon which this action is based occurred in 1967. Under the circumstances, Special Term properly denied the motion, which was made in September, 1975. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.