Howard A. Zeller, J.
This is a motion for an order extending the time to serve a notice of claim for damages upon the Village of Cazenovia.
On August 23, 1975, John Walcott and his infant son Jason, then just under four years of age, went for a walk with friends in the Evergreen Cemetery, owned by, and located in the Village of Cazenovia. Jason was injured when a cemetery stone fell on him. He has been hospitalized and treated *438 intermittently since then. John Walcott and Ann Walcott, individually, and as parents of Jason Walcott, served a notice of claim on the village on May 9, 1977; they commenced an action on August 5, 1977 against the village and simultaneously served the village with notice of this motion.
A notice of claim for tort against a municipality must be served within 90 days after the claim arises. (General Municipal Law, § 50-e, subd 1.) The court has discretion to grant an application to serve a late notice of claim, but "the extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation.” (General Municipal Law, § 50-e, subd 5, as amd by L 1976, ch 745, § 2, eff Sept 1, 1976.) The amendment to subdivision 5 of section 50-e is "remedial in nature and should be given retrospective application”. (Nolan v County of Otsego, 55 AD2d 422, 424.) Subdivision 1 of section 50-i of the General Municipal Law provides that a tort action against a public corporation must be commenced within one year and 90 days after the happening of the event upon which the claim is based.
The time within which the adult claimants could commence their action expired on November 23, 1976, one year and 90 days after the happening of the event upon which their claim is based. The extension to file a claim may not be beyond that date. This court is powerless to entertain their application now. (Schiermeyer v Averill Park Cent. School Dist., 42 AD2d 654.)
The more difficult question is whether the application on behalf of the infant Jason is timely even though made more than one year and 90 days after the happening of the event upon which the claim is based. To pose it differently, is the one year and 90-day period tolled during all or part of infancy by CPLR 208?
Prior to the 1976 amendment, subdivision 5 of section 50-e authorized infants and certain other persons to apply to the court for an order to serve a notice of claim "within a reasonable time” after the 90-day period provided such application was made "within the period of one year after the happening of the event upon which the claim is based.” (General Municipal Law, § 50-e, subd 5, added by L 1945, ch 694.) The one-year period was absolute and was not tolled by infancy. (Matter of Martin v School Bd. of Union Free School Dist. No. 28, Long Beach, 301 NY 233; Camarella v East *439 Irondequoit Cent. School Bd., 34 NY2d 139.) This contrasted with the tolling effect of CPLR 208 on the Statute of Limitation in section 50-i of the General Municipal Law. (La Fave v Town of Franklin, 20 AD2d 738; Corbett v Fayetteville-Manlius Cent. School Dist., 34 AD2d 379.)
The amendment to subdivision 5 of section 50-e has replaced the former one-year bar with another limitation: "The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation.” Is this restriction, like the one-year period, immune from the tolling effect of CPLR 208? Infant claimant cites Anderson v Manhattan & Bronx Surface Tr. Operating Auth. (NYLJ, Jan 25, 1977, p 5, col 4) as authority that the court now has general discretion to extend the time for filing of a notice of claim. That decision, however, has only limited application here. In Anderson, plaintiff’s intestate was injured on May 20, 1975; a notice of claim was served on March 29, 1976, and an application for leave to file a late notice of claim was made on September 20, 1976. The court noted that under section 50-e before the 1976 amendment the application would have been denied because the application was filed more than one year after the accident. However, under amended section 50-e the court could exercise its discretion because the extension of time requested was less than the time limited for the commencement of an action. Anderson shows how amended section 50-e differs in a general application from its predecessor, but does not address the instant issue of whether the notice provision of amended section 50-e is tolled by infancy.
The Appellate Division, Second Department, recently held that an application to extend the time for an infant to file a notice of claim must be made within one year and 90 days, and declared the court lacks power to grant an extension of time beyond one year and 90 days. (Rodriguez v City of New York, 54 AD2d 692; Pavlicko v City of New York, 56 AD2d 840.) Thus the present time limitation, like the old one-year period, is an absolute restriction and is not tolled by infancy; indeed, the amendment’s legislative history indicates no intent to change the long standing Matter of Martin rule that infancy does not toll such a period. (NY Legis Ann, 1976, pp 7-9.)
The extension of time that can be granted by the court will vary depending upon the applicable time for the commencement of an action. The Legislature intended the extension to *440 be variable. (NY Legis Ann, 1976, p 91.) For example, in Anderson (supra), the court’s discretion extended up to one year and 90 days, under subdivision 2 of section 1212 of the Public Authorities Law. However, a court could grant an extension up to three years in a tort claim against the East Hudson Parkway Authority. (See Public Authorities Law, § 469; CPLR 214.)
An extension to file infant claimant’s late notice of claim "shall not exceed” one year and 90 days. This limitation is not tolled by infancy. This court has no authority to entertain the application on behalf of the infant.
The application by the adult claimants is denied.
The application on behalf of the infant claimant is denied.
No motion costs are awarded.