OPINION OF THE COURT
Carrol S. Walsh, J.
Motion by defendant for an "order” dismissing the complaint herein "on the grounds that the Notice of Claim and *992 the summons and complaint were not served within the time provided by Section 50-e of the General Municipal Law, nor within the time prescribed by Section 214 of the Civil Practice Law and Rules”. Plaintiff opposes the motion claiming that CPLR 205 (subd [a]) is applicable and controlling.
More than nine years ago, on April 26, 1969, plaintiff came upon the scene of a fire in the City of Amsterdam and undertook to assist the regularly employed, firemen of the city as they were engaged in extinguishing the blaze. During the course of the fire, plaintiff sustained personal injuries, allegedly as the result of the negligence of the defendant and its employees. On October 1, 1969, he filed a claim for workmen’s compensation benefits which was disallowed by a referee. The referee’s decision was reversed, however, on January 30, 1975 by the Workmen’s Compensation Appeals Board and an award was made on the ground that plaintiff was an employee of the city under an implied contract of hire who had been pressed into service during an emergency. On appeal to the Appellate Division, Third Department, the board’s decision was unanimously reversed in a memorandum decision which found that an employer-employee relationship had not been established and the claim was dismissed. (Matter of Glamm v City of Amsterdam, 54 AD2d 996.) On October 4, 1977, the Court of Appeals unanimously affirmed on the memorandum at the Appellate Division (42 NY2d 1026).
Thereafter, and within 90 days of the service of a certified copy of the order of dismissal upon plaintiff’s attorney, plaintiff, in purported compliance with the provisions of section 50-e of the General Municipal Law, caused a notice of claim to be served upon the defendant and, within six months of the date of the entry of the order of the Court of Appeals, commenced the within action. No notice of claim for the injuries sustained in the April 26, 1969 incident had ever been served by or on behalf of the plaintiff upon the defendant at any prior time.
CPLR 205 (subd [a]), upon which plaintiff relies, provides that if an action is timely commenced and is terminated in any manner other than by a voluntary discontinuance or a dismissal of the complaint for neglect to prosecute or a final judgment upon the merits, the plaintiff may commence a new action upon the same cause of action within six months after the termination. None of the prohibited exceptions to the right of a plaintiff to proceed under that statute are applicable to the situation before us.
*993 However, plaintiff’s reliance on CPLR 205 (subd [a]) is misplaced. It applies only to time limitations within which actions must be commenced and when tolling of a statutory limitation may be invoked. While CPLR 205 (subd [a]) may apply to section 50-i of the General Municipal Law (see Smith v Rensselaer County, 52 AD2d 384), it does not apply to section 50-e of that same law, which requires the filing of a notice of tort claim against a municipality within 90 days after the claim arises as a prerequisite to the commencement of the action. There is a distinction between the statutory requirement for the timely service of a notice of claim against a municipality and the limitation period for commencing an action against it. The former is a mandatory condition precedent whereas the latter is a Statute of Limitations. Failure to comply with the mandate of section 50-e is fatal to a claimant’s cause of action, because no action may be commenced against a municipality without such compliance.
The cases cited by plaintiff in support of his contention are all distinguishable. Hotaling v General Elec. Co. (12 NY2d 310) did not involve a municipality and, therefore, notice of claim as a condition precedent was not a factor. Smith v Rensselaer County (supra) dealt only with the applicability of CPLR 205 (subd [a]) to section 50-i of the General Municipal Law, not to section 50-e thereof, and it is noteworthy that in that case a notice of claim had been filed with the municipality within 90 days after the claim therein had arisen, as the court specifically set forth and pointed out. All of the other cases he cites pertained to time limitations of the General Municipal Law, which are not to be construed as "conditions precedent” but rather as "statutes of limitation” subject to the tolling provisions of CPLR article 2.
Having failed to comply with the mandatory requirements of section 50-e (subd 1, par [a]) of the General Municipal Law in not serving notice of claim upon the defendant within 90 days after the claim arose, plaintiff is thereby foreclosed. Motion of defendant for an order dismissing the complaint is granted. (See Bloomfield Bldg. Wreckers v City of Troy, 41 NY2d 1102.)-