■　JOHN A. WALCOTT et al., Individually and as Guardians of JASON A. WALCOTT, an Infant, Appellants, v VILLAGE OF CAZENOVIA, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered September 20, 1977 in Madison County, which denied a motion by plaintiffs for permission to serve a late notice of claim. Plaintiff Jason Walcott, an infant, was injured on August 23, 1975 in a cemetery owned and maintained by defendant. On April 13, 1977 a notice of claim was served upon the Supervisor of the Town of Cazenovia, and on May 9, 1977 the notice of claim was served upon the Clerk of the Village of Cazenovia. A motion was thereafter made in August, 1977 for leave to file the notice of claims as of April 13, 1977 or May 9, 1977. It is from the denial of this motion that plaintiffs appeal. Prior to an amendment which became effective September 1, 1976 (L 1976, ch 745, § 2) leave to file a late notice of claim was required pursuant to subdivision 5 of section 50-e of the General Municipal Law to be sought within one year after the happening of the event upon which the claim was based. Plaintiffs failed to seek permission to file within this one-year period. Although plaintiffs urge the retroactive application of the 1976 amendment, the Court of Appeals has recently held that the amendment does not revive claims that accrued more than one year prior to its effective date *(Matter of Beary v City of Rye,* 44 NY2d 398). In view of the fact that in the present case the claim accrued on August 23, 1975, the amendment

does not apply. Since plaintiffs did not apply for leave to file a late notice of claim within the required one-year time period, their motion was properly denied. On this record, we also reject plaintiffs' contention that defendants should be estopped from denying the timeliness of plaintiffs' application. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur. [91 Misc 2d 437.]