■ RICHARD G. GLAMM, Appellant, v CITY OF AMSTERDAM, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered June 26, 1978 in Montgomery County, which granted defendant's motion to dismiss the complaint. On April 29, 1969 plaintiff came upon the scene of a fire in the City of Amsterdam, and undertook to assist the regularly employed firemen of the city as they were engaged in extinguishing the fire. During the course of the fire, plaintiff sustained injuries when he fell three stories to the pavement from the roof of an adjoining building while using a

pike pole to knock in a boarded-up window. On October 1, 1969 plaintiff filed a claim for workers' compensation benefits which was disallowed by a referee. On January 30, 1975 the Workers' Compensation Board reversed the referee's decision and made an award on the ground that plaintiff was an employee of the city under an implied contract of hire having been pressed into service during an emergency. On appeal to this court, the decision of the Workers' Compensation Board was reversed on the ground that an employer-employee relationship had not been established, and the claim was dismissed *(Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept.,* 54 AD2d 996). On October 4, 1977 the Court of Appeals affirmed on the memorandum of this court *(Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept.,* 42 NY2d 1026). Thereafter, and within 90 days of the service of a certified copy of the order of dismissal upon plaintiff's attorney, plaintiff caused a notice of claim in purported compliance with section 50-e of the General Municipal Law to be served upon the defendant, City of Amsterdam. Within six months of the date of the entry of the order of the Court of Appeals, plaintiff commenced this action. Defendant thereafter moved to dismiss the complaint on the grounds that the notice of claim, and the summons and complaint were not served within the time provided by section 50-e of the General Municipal Law, nor within the time prescribed by CPLR 214. Special Term dismissed the complaint on the ground that plaintiff had failed to comply with the mandatory requirement of section 50-e (subd 1, par [a]) of the General Municipal Law in that he had not served a notice of claim upon the defendant within 90 days after his claim arose. On this appeal, plaintiff contends that the provisions of CPLR 205 (subd [a]) toll the limitation provisions of sections 50-e and 50-i of the General Municipal Law. CPLR 205 (subd [a]), insofar as it is pertinent, provides as follows: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination." CPLR 205 (subd [a]) "also applies to a proceeding brought under the workmen's compensation law", now the Workers' Compensation Law (CPLR 205, subd [c]). Plaintiff also relies on *Smith v Rensselaer County* (52 AD2d 384) in which this court held that the time limitation in section 50-i of the General Municipal Law requiring an action against a city, county, town, etc., to be commenced within one year and 90 days after the happening of the event upon which the claim is based is a Statute of Limitations within the tolling provisions of CPLR 205. In that case, a timely notice of claim under section 50-e of the General Municipal Law had been filed. Section 50-e (subd 1, par [a]) provides as follows: "In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises." Under section 50-i of the General Municipal Law, a notice of claim in compliance with section 50-e is made a condition precedent to the commencement of an action founded in negligence against a city. A condition precedent is not a time limitation, and CPLR 205 does not apply to conditions precedent *(Matter of Howard v Robinson,* 32 AD2d 837; *Lewis v State of New York,* 69 Misc 2d 1031). Plaintiff's contention that an affirmance of the order of dismissal would deny him due process of law is without merit *(Pausley v Chaloner,* 54 AD2d

131). Similarly, his contention that the defendant should be estopped from asserting the defense of a failure to file a timely notice of claim is without merit *(Pugh v Board of Educ.,* 38 AD2d 619, affd 30 NY2d 968). Special Term, therefore, properly dismissed the complaint. Order affirmed, without costs. Sweeney, Staley, Jr., and Herlihy, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). We dissent. Since the tolling provisions of CPLR 205 apply to the period of limitation contained in section 50-i of the General Municipal Law for the commencement of an action against a municipality *(Smith v Rensselaer County,* 52 AD2d 384), plaintiff's commencement of this action within six months after the entry of the order of the Court of Appeals affirming the dismissal of his compensation claim was timely *(Hotaling v General Elec. Co.,* 12 NY2d 310). Unlike the situation in *Smith v Rensselaer County (supra),* plaintiff here did not serve a notice of claim within the 90 days provided for in section 50-e of the General Municipal Law and we agree with the majority that CPLR 205 does not apply to this time period since it is a condition precedent. However, we cannot agree with the majority's conclusion that Special Term correctly dismissed plaintiff's complaint, for to so hold would lead to an intolerable injustice. We must adhere to the spirit of the Court of Appeals decision in *Hotaling v General Elec. Co. (supra,* p 314), which stated that it was "never intended that [a litigant] had to select a forum at his peril, especially in a case where there may be doubt as to the proper forum." Thus, in view of the fact that plaintiff was hospitalized for a year following his accident and did not apply for leave to serve a late notice of claim because he felt that the notice of claim he did serve following the Court of Appeals decision in his compensation claim was timely, a determination should be made as to whether or not the time to serve a late notice of claim should be extended. Accordingly, we would reverse and remit this matter to Special Term so that plaintiff may make application for leave to serve a late notice of claim if he be so advised. [94 Misc 2d 991.]