In the Matter of the Claim of LARRY ZIECKER, an Infant, by ORVILLE ZIECKER, His Father, et al., Respondents, v TOWN OF ORCHARD PARK et al., Appellants.

Fourth Department, November 2, 1979

## APPEARANCES OF COUNSEL

*Canale, Madden & Burke (John F. Canale* of counsel), for Town of Orchard Park, appellant.

*Miles, Cochrane, Grosse, Rossetti & Chelus (Arthur Herdzik* of counsel), for Village of Orchard Park, appellant.

*Paul William Beltz, P. C. (Robert Nichols* of counsel), for respondents.

## OPINION OF THE COURT

CALLAHAN, J.

This case involves an application by an infant and his father for permission to file a late notice of claim under section 50-e of the General Municipal Law. On July 4, 1976 the infant claimant, age 17, was injured at Green Lake in Yates Park, Orchard Park, New York, when he dived head-first into shallow water. He suffered dislocation of the cervical spine and quadriplegia secondary to fracture. He was taken immediately to the surgical intensive care unit of Mercy Hospital in Buffalo, New York, where he was confined until October 12, 1976 and then hospitalized at E. J. Memorial Hospital through September 23, 1977. A report made by the town police the night of the accident reveals that the police were called by a lifeguard who furnished them with a diagram of the accident scene and names of witnesses. The record also contains an unsigned accident report with a description of how the accident happened and indicates that the Town of Orchard Park Recreation Director was the supervising town employee.

An attorney was retained after the infant plaintiff was released from the hospital. By motion papers dated December 6, 1977 the infant plaintiff and his father moved in Special Term for an order pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a notice of claim upon defendants-appellants. In response counsel for defendants-appellants asserted that inasmuch as plaintiff's applica-

tion came approximately 17 months after the incident, it was untimely because the court was without authority to extend the time to serve a notice of claim beyond one year and 90 days from the date of the incident.

Special Term in a memorandum decision determined that by reason of the infancy and disability of plaintiff, CPLR 208 authorized the court to grant the extension sought. The court, however, further held that the derivative claim of the infant's father was not tolled by CPLR 208 and therefore denied his application for leave to serve a late notice of claim. Defendants appeal from so much of the order as granted the application of the infant plaintiff to file a late notice of claim.

The question for our determination is whether under subdivision 5 of section 50-e of the General Municipal Law, as amended effective September 1, 1976, the period of one year and 90 days within which a court of competent jurisdiction may extend the time for a notice of claim to be served upon a public corporation may be tolled by infancy under CPLR 208.

In 1976 section 50-e of the General Municipal Law, which requires the filing of a notice of claim within 90 days after an accident as a condition precedent to suing a public corporation, was amended and totally overhauled. (L 1976, ch 745.) One of the principal changes was to lengthen the period during which an application to file a late notice of claim may be made. Prior to the amendment, subdivision 5 of section 50-e authorized infants and certain other persons to apply to the court for an order to serve a notice of claim "within a reasonable time" after the 90-day period provided such application was made "within the period of one year after the happening of the event upon which the claim is based" (General Municipal Law, § 50-e, subd 5, added by L 1945, ch 694). The one-year period was absolute and was not tolled by infancy *(Matter of Martin v School Bd. of Union Free School Dist. No. 28, Long Beach,* 301 NY 233; *Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139). This created many harsh results. Legislative reconsideration to ameliorate the harsher aspects of section 50-e was implored by the courts *(Matter of Murray v City of New York,* 30 NY2d 113), in order that a more equitable balance could be achieved between a public corporation's reasonable need for prompt notification of claims against it and the injured party's interest in just compensation *(Camarella v East Irondequoit Cent. School Bd., supra).*

The 1976 Legislature ameliorated some of the harshness of the "file in 90 days or out" rule of the General Municipal Law by liberalizing the conditions upon which, and the time within which, leave to serve a late notice of claim may be granted. Among other things, the statute as amended replaced the former requirement that leave to file a late notice of claim would be denied if the application were not made within one year after the claim arose with a new provision that "The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation."

It is abundantly clear from the plain meaning of the statute (§ 50-e, subd 5) as amended (L 1976, ch 745) that the Legislature intended a most significant change to reduce unjust consequences to accident victims and to avert a challenge of constitutional magnitude such as occurred in other jurisdictions where similar notice of claim statutes have been held unconstitutional *(Reich v State Highway Dept., 386 Mich 617; Turner v Staggs, 89 Nev 230, cert den 414 US 1079; Hunter v North Mason High School & School Dist. No. 403, 85 Wn 2d 810; and O'Neil v City of Parkersburg, 237 SE2d 504).* (See *Sears v Southworth, 563 P2d 192, 194.*)

The Second Department has, however, recently held that the period of one year and 90 days within which a court may extend the time for service of a notice of claim upon a public corporation was not tolled by infancy under CPLR 208. In so holding, the court stated, "Tolling, or extending, the time in which an application for late filing could be considered by the court was evidently not contemplated by the Legislature when it enacted the subject amendment in 1976" *(Cohen v Pearl Riv. Union Free School Dist., 70 AD2d 94, 104).* That court thus continues a strict time limit policy. We reach a contrary conclusion. In our view, the historical need for major revision mandated a broadening perspective. To adhere to historical precedent is to ignore judicial pleas for substantial change. We submit that the amended statute was not meant to be curtailed by historical precedent such as relied upon in *Cohen (supra),* but rather is to be read in light of the expanded guidelines promulgated by the Legislature (see Twenty-first Ann Report of NY Judicial Conference, 1976, pp 300-303). This view is shared by some leading commentators (see, e.g., Farrell, Civil Practice, 1978 Survey, 30 Syracuse L Rev 385, 393; McLaughlin, Trends, Developments—NY Trial Practice,

NYLJ, Oct. 12, 1979, p 1, col 1). Further, this reading of the statute is indicated in *Matter of Beary v City of Rye* (44 NY2d 398), the first Court of Appeals case to consider the 1976 amendment, wherein it was stated (p 408), "Under the revision, the period during which late filing may be permitted is identical with the 'time limited for the commencement of an action by the claimant against the public corporation'. Save where the claimant is under a disability (see *Abbatemarco v Town of Brookhaven,* 26 AD2d 664; *La Fave v Town of Franklin,* 20 AD2d 738), this is one year and 90 days (General Municipal Law, § 50-i)." Implicit is a recognition by the court that the amendment to section 50-e of the General Municipal Law changed the long-standing *Matter of Martin* rule that infancy does not toll the period to file a late notice of claim. Indeed, one has merely to note that the Legislature in drafting the section 50-e amendment utilized the identical language of section 50-i. In reviewing judicial precedents concerning section 50-i, courts have consistently found that CPLR 208 tolled the time limitations contained in section 50-i for commencement of an action contemplated therein *(Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379; *Abbatemarco v Town of Brookhaven, supra; La Fave v Town of Franklin, supra).*

An analysis of the legislative history (Twenty-first Ann Report of NY Judicial Conference, 1976, p 300) reveals an explicit intent of the Legislature to extend significantly the discretion of the court to grant leave to file a notice of claim. It reflects a substantial change of policy in respect to conferring upon the court a greater flexibility in exercising discretion in applications for leave to file notices of claim. The amendment confers upon the court broad discretion, upon application, to extend the time to file a notice of claim beyond the 90-day limit prescribed in section 50-e (subd 1, par [a]). Subdivision 5 of that section as amended reads: "The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant,

or mentally or physically incapacitated". The consideration of infancy is warranted even though the disability may not have been the reason for the failure to serve a late notice, as when the claimant's lawyer neglected to serve a timely notice (see *Matter of Murray v City of New York,* 30 NY2d 113, *supra; Matter of Crume v Clarence Cent. School Dist. No. 1,* 43 AD2d 492).

In the instant case the infant plaintiff was injured on July 4, 1976, less than two months before the effective date of the amendment. His application is timely, nevertheless, as the Court of Appeals gave the amendment a modified retroactive effect to claimants whose causes of action accrued within the statutory prescribed one-year period preceding the effective amendatory date *(Matter of Beary v City of Rye, supra).* Hence the infant claimant herein falls within the *Beary* shelter and is entitled to consideration within the perimeters of the amended statute.

It should be noted that no attempt was made by the draftsmen of the statute to extend the short statute limitations which normally govern the maintenance of an action against a public corporation (usually one year or one year and 90 days); however, the Legislature noted that the Statute of Limitations may be tolled when the claimant is a person under disability because of infancy or insanity at the time when the cause of action accrued (CPLR 208). Furthermore, the Statute of Limitations is tolled under the provisions of CPLR 204 (subd [a]) during the pendency of a proceeding to obtain leave to file a late notice (see *Barchet v New York City Tr. Auth.,* 20 NY2d 1; see, also, *Amex Asphalt Corp. v City of New York,* 263 App Div 968, affd 288 NY 721).

The primary purpose served by the notice is prompt investigation and preservation of evidence of the facts and circumstances out of which claims arise (Twenty-first Ann Report of NY Judicial Conference, 1976, p 302; *Adkins v City of New York,* 43 NY2d 346). The greater flexibility introduced by the amendment appears designed to encourage greater fairness in achieving the goal *(Matter of Beary v City of Rye, supra).* It is significant that the amendment expressly directs that whether the public corporation did or did not have knowledge be accorded great weight. It is undisputed that in the instant case the defendant municipalities not only had notice of plaintiff's injuries on the day it occurred, but actually investigated it that day. This court has consistently ruled that a just

claim for damages for a serious injury should not be forfeited for failure to give notice where the basic purpose of the statute is not offended and where no substantial prejudice exists *(Matter of Wemett v County of Onondaga,* 64 AD2d 1025). In view of the fact that appellant had actual notice of the accident and that its representatives were present when the accident occurred, we can find no abuse of Special Term's discretion under the statute to grant leave to file a late claim *(Matter of Matey v Bethlehem Cent. School Dist.,* 63 AD2d 807).

The order should, therefore, be affirmed.

CARDAMONE, J. P. SCHNEPP, WITMER and MOULE, JJ., concur.

Order unanimously affirmed, with costs.