■ RICHARD G. GLAMM, Respondent, v FRANCES ALLEN, as Executrix of FLOYD J. REINHART, Deceased, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered February 5, 1981 in Montgomery County, which denied defendant's motion for summary judgment and granted plaintiff's cross motion to dismiss defendant's first affirmative defense of the Statute of Limitations. Two issues are to be resolved on this appeal. First, if an attorney is chargeable with a negligent act or omission during the course of a "continuous representation" of a client in a particular legal matter and the attorney dies during that period, when does the cause of action accrue, and second, what effect, if any, does the tolling provision of CPLR 210 (subd [b]) have upon such a cause of action. A brief recitation of the salient facts is necessary. On April 29, 1969, plaintiff was injured when he voluntarily assisted regular firemen in the City of Amsterdam to extinguish a fire. After appeal to the Workers' Compensation Board, his attorney was successful in obtaining an award of compensation for him by decision dated January 30, 1975. On October 14, 1976, the attorney died. On November 4, 1976, this court reversed the award of compensation *(Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept.*, 54 AD2d 996, affd 42 NY2d 1026). A notice of claim was never filed against the City of Amsterdam pursuant to section 50-e of the General Municipal Law by the original attorney and the efforts of substituted attorneys to obtain permission to file a late notice of claim against the City of Amsterdam were unsuccessful *(Glamm v City of Amsterdam*, 94 Misc 2d 991, affd 67 AD2d 1056, affd 49 NY2d 714). This action for malpractice against the estate of the deceased attorney was commenced on April 7, 1980. Established case law teaches us that when a course of treatment by a professional which includes wrongful acts and omissions has been continuous and is related to the original condition or complaint, the claim accrues at the end of the treatment *(Borgia v City of New York*, 12 NY2d 151). This rule applies to attorney malpractice actions *(Gilbert Props. v Millstein*, 33 NY2d 857; *Grago v Robertson*, 49 AD2d 645). It is defendant's contention that the attorney-client relationship terminated when decedent died on October 14, 1976, and, therefore, the Statute of Limitations commenced running from the appointment of defendant as executrix of decedent's estate on November 15, 1976. Defendant concludes that by applying the required three-year Statute of

Limitations (CPLR 214, subd 6), the within action is time barred. Plaintiff counters this argument by contending that if the attorney's death terminated the attorney-client relationship, the Statute of Limitations would not start to run until 18 months after decedent's death (CPLR 210, subd [b]). However, it seems clear that plaintiff's reliance on this statute is misplaced. CPLR 210 in relevant part provides as follows: "(b) Death of person liable. The period of eighteen months after the death, within or without the state, of *a person against whom a cause of action exists* is not a part of the time within which the action must be commenced against his executor or administrator." (Emphasis added.) Accordingly, in order for this tolling provision to apply, the claim against this decedent's estate must have matured and the cause of action been in existence *prior* to death *(Matter of Cudahy,* 49 Misc 2d 668; 1 Weinstein-Korn-Miller, NY Civ Prac, par 210.04). In the instant case, since we must apply the continuous representation doctrine, the accrual of the cause of action was suspended during the period of representation and was inchoate until the termination of the attorney-client relationship, i.e., upon the death of the attorney *(Grago v Robertson, supra).* Therefore, the ordinary three-year Statute of Limitations would apply, measured from the date of the appointment of the executrix. We also reject plaintiff's contention that the attorney-client relationship terminated only upon completion of litigation set in motion by the original attorney. Such an extension of the continuous representation doctrine is unrealistic, for the successor attorneys represent a break in the chain of liability between the original contracting parties, which contract terminated upon the death of the attorney. Moreover, negligence, if any, occurred when the last day of the 90-day period to file a notice of claim against the City of Amsterdam passed without action by the decedent and, therefore, as demonstrated herein, the Statute of Limitations had run prior to the commencement of this action. Order reversed, on the law, without costs, defendant's motion for summary judgment granted, and complaint dismissed. Mahoney, P. J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.