■ JOSEPH BRUNO, as Coexecutor of ANNA BRUNO, Deceased, Respondent, v JAMES BRUNO, Appellant.—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff, as coexecutor of his mother's estate, brought an equitable action to set aside a deed of the family home from his mother, Anna Bruno, to defendant, another son. The deed was given to defendant in October 1978, about six months before Anna Bruno's death at the age of 92. The property was valued at $30,000 to $35,000. The deed recited consideration of $5,000, although defendant contended that bills totaling over $16,000 that he had paid for his mother constituted additional consideration. Plaintiff's complaint alleged that Anna Bruno was of unsound mind and failing health when she executed the deed, that there was no consideration, and that the conveyance should be set aside as the product of undue influence.

The court erred in setting aside the transfer as the product of undue influence. Although not explicitly so stated, the court effectively shifted the burden of proof, requiring that defendant prove the absence of undue influence. That was error. To warrant the shifting of the burden of the proof, there must be proof of incapacitation and proof of a fiduciary or confidential relationship *(see, Matter of Camarda,* 63 AD2d 837). Both elements are lacking here, and the burden of proof therefore remained on plaintiff to prove undue influence *(cf., Matter of Camarda, supra; Noto v Sparacio,* 56 AD2d 840). Because plaintiff presented no proof that defendant exercised undue influence over his mother with respect to that transaction, the court erred in setting aside the transaction. (Appeal from judgment of Supreme Court, Niagara County, Sedita, J.—set aside conveyance.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.